# EXHIBIT 1

**DECLARATION**

I, __LEE MAN HEI__ (Hong Kong Identity Card No. __Z104400(2)__ ) of __27/F, Henley Building, 5 Queens Road Central, Hong Kong__ solemnly and sincerely declare that:

1. I am the translator of the document attached hereto as Appendix I ("Chinese Translation") (total no. of pages: 109);

2. I am fluent in the English and Chinese languages; and

3. the document attached hereto as Appendix I ("Chinese Translation") is an accurate translation of the document attached hereto as Appendix II ("English Original") (total no. of pages: 99).

And I make this solemn declaration conscientiously believing the same to be true and by virtue of the Oaths and Declarations Ordinance.

Declared at __18/F, Henley Building, 5 Queens Road Central__

in Hong Kong                                    )

on this __2nd__ day of __May__ 20 __13__         )        ...............................

                                                )        (Signature of declarant)

                                                )        Name: LEE MAN HEI

Before me,

...............................

**Cheng Wah Kin Alex**
**Solicitor, Hong Kong SAR**
**K. C. HO & FONG**

# **Appendix I**

## Chinese Translation

Total no. of pages (excluding this cover page): 109

Cheng Wah Kin Alex
Solicitor, Hong Kong SAR
K. C. HO & FONG

于美国特拉华州联邦地区法院

| | |
|---|---|
| 图形产权控股有限公司 | |
| 原告 | 民事案件编号：12-cv-209-LPS |
| 诉 | 请求陪审团参与审判 |
| 宏碁美国有限公司及<br>宏碁股份有限公司 | |
| 被告 | |
| 图形产权控股有限公司 | |
| 原告 | |
| 诉 | 民事案件编号：12-cv-210-LPS |
| 华硕电脑国际有限公司 | 请求陪审团参与审判 |
| 被告 | |
| 图形产权控股有限公司 | |
| 原告 | 民事案件编号：12-cv-211-LPS |
| 诉 | 请求陪审团参与审判 |
| 松下北美公司及<br>松下电器产业公司 | |
| 被告 | |

| | |
|---|---|
| 图形产权控股有限公司<br><br>　　　　　原告<br><br>　　　　　诉<br><br>东芝美国信息系统有限公司及<br>东芝公司<br><br>　　　　　被告 | 民事案件编号：12-cv-213-LPS<br><br>请求陪审团参与审判 |
| 图形产权控股有限公司<br><br>　　　　　原告<br><br>　　　　　诉<br><br>VIZIO 有限公司<br><br>　　　　　被告 | 民事案件编号：12-cv-214-LPS<br><br>请求陪审团参与审判 |

## 根据 1970 年 3 月 18 日签订的从国外调取民事或商事证据的海牙公约的国际司法援助请求函

　　美国特拉华州联邦地区法院向中华人民共和国的相应主管机关致以问候，并且根据 1970 年 3 月 18 日签订的从国外调取民事或商事证据的海牙公约（以下简称"公约"）诚挚的请求给予国际司法援助，中国于 1997 年加入该公约，而美国于 1998 年同意中国加入该公约（公约中英文副本请见附件 A）。本请求函的目的的是为了替本法院正在进行审理的上述专利侵权案件获取特定的证据文件。本请求函所列出的信息均引用自答辩意见和各被告提交的文件所包含的信息。

1.　　发送人：　　　　　　　　　Leonard P. Stark 阁下
　　　　　　　　　　　　　　　　美国联邦地区法院法官
　　　　　　　　　　　　　　　　美国特拉华州联邦地区法院

美利坚合众国特拉华州威尔明顿市北国王街
844 号 J. Caleb Boggs 联邦大楼 26 单元 6124
室
邮编: 19801-3555

2.    *被请求国中央机关:*                     中华人民共和国司法部
                                         司法协助交流中心
                                         中国北京市朝阳区朝阳门南大街 10 号
                                         邮编: 100020

3.    *请求执行后回复接收人:*

                                         Leonard P. Stark 阁下
                                         美国联邦地区法院法官
                                         美国特拉华州联邦地区法院
                                         美利坚合众国特拉华州威尔明顿市北国王街
                                         844 号 J. Caleb Boggs 联邦大楼 26 单元 6124
                                         室
                                         邮编: 19801-3555

                                         *何伟康*
                                         *德杰律师事务所*
                                         中国香港皇后大道中 5 号衡怡大厦 27 楼

4.    *根据公约第三条，下述签字的申请人提交以下请求:*

5.    *请求执行的机关和被请求执行的机关:*

      (a)    *提出请求的司法机关:*          Leonard P. Stark 阁下
                                         美国联邦地区法院法官
                                         美国特拉华州联邦地区法院
                                         美利坚合众国特拉华州威尔明顿市北国王街
                                         844 号 J. Caleb Boggs 联邦大楼 26 单元 6124
                                         室
                                         邮编: 19801-3555

      (b)    *被请求执行的机关:*            中华人民共和国的相应主管机关

6.　　当事人及其代理人的名称/姓名和地址:

(a)　　原告:

图形产权控股有限公司
美利坚合众国纽约州新罗谢尔市哈里森街 56
号 505 室
邮编:10801

代理人:
Brian E. Farnan
Rosemary J. Piergiovanni
美利坚合众国特拉华州威尔
明顿市北市场街 919 号 12 层
邮编:19801
+1 (302) 777-0300
+1 (302) 777-0301 (传真)
bfarnan@farnanlaw.com

Martin Black
Kevin Flannery
Robert L. Masterson
德杰律师事务所
美利坚合众国宾夕法尼亚州 19104
费城阿克街 2929 号希拉中心
+1 (215) 994-4000
+1 (215) 994-2222 (传真)
martin.black@dechert.com
kevin.flannery@dechert.com
robert.masterson@dechert.com

被告:

宏基美国有限公司
美利坚合众国加利福尼亚州圣何塞市西圣卡
洛斯街 333 号 1500 室
邮编:95110

代理人:
Richard L. Horwitz
David Ellis Moore
Potter Anderson & Corroon 律师事务所
美利坚合众国特拉华州威尔明顿市北市场
街 1313 号赫拉克勒斯大厦 6 楼 951 号邮
箱
邮编:19899-0951

+1 (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Jerry Chen*
*Kai Tseng*
*Freitas Tseng & Kaufman 律师事务所*
*美利坚合众国加利福尼亚州 雷德伍德海*
*岸市海军公园道 100 号 200 室*
*邮编: 94065*
*+1 (650) 593-6300*
*+1 (650) 593-6301 (Fax)*

*宏基股份有限公司*
*台湾台北市 105 复兴北路 369 号 7F-5,*

*代理人:*

Richard L. Horwitz
David Ellis Moore
Jerry Chen
Kai Tseng
*(地址见上文)*

*华硕电脑国际有限公司*
*美利坚合众国加利福尼亚州弗雷蒙特市考普*
*雷特路 800 号*
*邮编: 94539*

*代理人:*
John G. Day
Andrew Colin Mayo
*Ashby & Geddes 律师事务所*
*美利坚合众国特拉华州威尔明顿市特拉*
*华大道 500 号 8 楼 1150 号邮箱*
*邮编: 94065*
*+1 (302) 654-1888*
jday@ashby-geddes.com
amayo@ashby-geddes.com

John P. Schnurer
Michael J. Engle
*Perkins Coie 律师事务所*

美利坚合众国加利福尼亚州圣地亚哥市
王者路 11988 号 200 室
邮编: 92130-3579
+1 (858) 720-5700
+1 (858) 720-5799 (Fax)
jschnurer@perkinscoie.com
mengle@perkinscoie.com

松下北美公司
美利坚合众国新泽西州斯考克斯市松下路 1
号
邮编: 07094

代理人:
    John G. Day
    Andrew Colin Mayo
    (地址见上文)

    Diana M. Szego
    Sten A. Jensen
    Steven J. Routh
    Orrick, Herrington & Sutcliffe 律师事务所
    美利坚合众国华盛顿特区第十五街西北
    1152 号哥伦比亚中心
    邮编: 20005-1706
    +1 (202) 339-8400
    +1 (202) 339-8500 (Fax)
    dszego@orrick.com
    sjensen@orrick.com
    srouth@orrick.com

松下电器产业公司
日本门真市 571-8501 大字门真 1006 番地

代理人:
    John G. Day
    Andrew Colin Mayo
    (地址见上文)

    Diana M. Szego
    Sten A. Jensen
    Steven J. Routh
    (地址见上文)

东芝美国信息系统有限公司
美利坚合众国加利福尼亚州艾尔文市艾尔文
大街 9740 号
邮编: 92618

代理人:
Benjamin J. Schladweiler
Seitz Ross Aronstam & Moritz 律师事务所
美利坚合众国特拉华州威尔明顿市西街
南 100 号 400 室
邮编:19801
+1 (302) 576-1600
bschladweiler@seitzross.com

Jeffry H. Nelson
Jonathon T. Reavill
Michael J. Shea
Nixon & Vanderhye 律师事务所
美利坚合众国弗吉尼亚州阿灵顿市北格
莱博路 901 号 11 楼
邮编: 22203
+1 (703) 816-4000
+1 (703) 816-4100 (传真)
jhn@nixonvan.com
jtr@nixonvan.com
mjs@nixonvan.com


东芝株式会社
日本东京港区芝浦一丁目 1 番 1 号

代理人:
Benjamin J. Schladweiler
(地址见上文)

Jeffry H. Nelson
Jonathon T. Reavill
Michael J. Shea
(地址见上文)

Vizio 有限公司
美利坚合众国加利福尼亚州艾尔文市泰尔莎
39 号

邮编: 92618

代理人:
   Pilar Gabrielle Kraman
   Young, Conaway, Stargatt & Taylor 律师事
   务所
   美利坚合众国特拉华州威尔明顿市北国王
   街 1000 号罗德尼广场
   邮编: 19801
   +1 (302) 576-3586
   pkraman@ycst.com

   Joseph E. Thomas
   William J. Kolegraff
   Thomas Whitelaw 律师事务所
   美利坚合众国加利福尼亚州艾尔文市
   冯·卡尔曼大街 18101 号 230 室
   邮编: 92612
   +1 (949) 679-6400
   +1 (949) 679-6405 (Fax)
   jthomas@twtlaw.com
   wkolegraff@twtlaw.com

   (b)    其他当事人:                  无。

7.    有关案件的性质和目的以及事实的总结:


                    I.    案情介绍

        原告图形产权控股有限公司（下称 "GPH"）于 2012 年 2 月 21 日根据美国专利法

向本院提交了上文所述有关侵犯六个美国专利的民事诉讼。这些专利覆盖了一种涉及液晶

显示（下称 "LCDs"）的技术。LCD 的技术被应用于多种平板电视、计算机显示器、笔

记本电脑和平板电脑。GPH 声称被告通过在美国进口和销售含有该专利技术的产品侵犯

并持续侵犯了其专利权。各被告主张它们并未侵犯 GPH 的专利权。

II.   涉案专利以及与本请求函相关的专利

被诉产品中的 LCD 面板是由分别位于中国大陆、香港、台湾、韩国和日本的第三方制造商设计及制造的。本请求函的目的是为了从此类制造商获取在中华人民共和国境内的特定文件，GPH 相信该等文件与确定被诉产品是否确实侵权有密切和直接的关系，所述 18 家制造商包括 (1)友达光电(苏州)有限公司,(2) 友达光电(上海)有限公司,(3) 友达光电(厦门)有限公司,(4) 群创光电南京厂区,(5) 群创光电上海厂区,(6) 群创光电宁波厂区,(7) 群创光电南海厂区,(8) 苏州乐轩科技有限公司,(9) 捷星显示科技(福建)有限公司,(10) 南京瀚宇彩欣科技有限责任公司,(11) 瀚斯宝丽显示科技（南京）有限公司,(12) 昆山龙腾光电有限公司,(13) 深圳华映显示科技有限公司,(14) 福建华映显示科技有限公司,(15) 福建华冠光电有限公司,(16) 华映视讯（吴江）有限公司,(17) 福州华映视讯有限公司, 和 (18) 华映光电股份有限公司 (以下统称"中国公司")。

当事人正处于审判前准备阶段中相关的搜证及文件交换程序中。

原告 GPH 主张根据美国专利法各被告侵犯并持续侵犯了六项专利中的最少一项。本请求函仅涉及上述六项专利的其中两（2）项，这两项专利关于 LCD 面板的设计及构造、面板内的结构/分层以及上述结构/分层的结合方法，即：

- 名称为"用于高信息内容显示的具有高分辨率的大面积宽屏平板显示器"的第 6,816,145 号美国专利 (下称"'145 专利") (针对各个被告); 和

- 名称为"用于平板显示子系统的可拆卸背光组件"的第 5,896,119 号美国专利 (下称"'119 专利") (针对华硕、松下、东芝和 Vizio 等被告) (以下统称"专利")。

举例而言，下图展示了一个 LCD 面板内层排列的例子。



210

A                    210a

| | |
|---|---|
| 保 护 涂 层 | 405 |
| 前 偏 光 镜 | 410 |
| 补 偿 膜 | 415 |
| 前 玻 璃 | 420 |
| 色 彩 过 滤 器 | 425 |
| 液 晶 层 | 430 |
| TFT 层 | 435 |
| 后 玻 璃 | 440 |
| 补 偿 膜 | 445 |
| 后 偏 光 镜 | 450 |

455 — 气 隙

| | |
|---|---|
| 散 射 层 | 460 |
| 增 亮 膜 (BEF) | 465 |
| 散 射 层 | 467 |

330

312 — R                    R — 314

光 管    340

316 — B                    B — 318

反 射 器    138

’ 145 专利的图 7。

下图列举了 LCD 面板内的光管的其中一个可能设计。



′119专利的图14。

### III.　该民事案件的争议背景

　　GPH主张各被告向美国进口并销售了具有LCD面板的电视机、计算机显示器、笔记本电脑和平板电脑等产品。如其在起诉书中所述，GPH认为该等产品侵犯了其专利。本案中的核心争议为各被告的产品是否确实实施了上述专利所要求保护的发明，从而侵犯了上述专利。

　　被诉产品中的LCD面板并不是由被告设计或制造，被告对于这些面板的具体结构也是一无所知或所知甚少。相反，这些被诉产品中的LCD面板为购自面板制造商的预制

面板，或者购自被称为原始设计制造商（下称"ODM"）的公司，该等公司替被告设计并制造了被诉产品，并从面板制造商 - 即上文所述的中国公司 - 购买了此类预制 LCD 面板以使用于被诉产品。最后由被告或其 ODM 将所述预制的 LCD 面板与其它电子电路、软件和部件整合组装成被诉产品。被诉产品中所使用的众多预制 LCD 面板的设计商和制造商都位于中国。

8.   *需要获取的证据或其它需要求取的司法行动:*

有鉴于此，本院诚挚的请求中华人民共和国相关主管机关强制上述中国公司提供解决题述民事诉讼案件中的侵权争议所需要的特定文件，从而使这些案件中的当事人可以在审判中使用这些文件来支持他们各自的立场。这些文件仅会在此诉讼中使用（针对上述 18 家中国公司的请求文件见附件 B-1 至 B-17）。

具体而言，请求获取的文件与本侵权争议的主体有着直接及紧密的关系。本请求函寻求获取被认为于被诉产品中所使用的特定 LCD 面板的设计图/蓝图和设计文件，该等文件根据上述各家中国公司的型号/零件编号识别。被请求获取的设计图/蓝图和设计文件内被认为详述了各个特定 LCD 面板内的 (i)材料层的排列和机械间距，及(ii)光管或导光管的设计。这些文件之所以与本诉讼相关是因为它们显示了被告的被诉产品中的 LCD 面板是否确实实施了上述专利所要求的的发明，而这正是本诉讼的核心争议事项。各被告已经确认它们并未取得该等文件，而且也没有其它方式可以获取该等文件。

本院认为上述中国公司拥有附件 B-1 至 B-17 中的技术说明文件。根据本院的审议程序规程，各被告已向 GPH 以书面确认各个被诉产品中所使用的 LCD 面板的制造商和型

号。本请求是基于这些由被告公开之信息并仅仅寻求上述中国公司用于被诉产品中的 LCD 面板的特定型号的文件。而本院需要协助以在中国获取与上述中国公司制造和销售的特定 LCD 面板的相关的设计图/蓝图和设计文件。

本院认为以上请求与中华人民共和国的法律并无抵触，因为这是司法职能之一（例如参见中华人民共和国民事诉讼法第六十四条和第六十五条），并且没有侵害中国的主权、安全或社会和公共利益。有关主管机关亦应当了解执行本请求不会泄露上述中国公司的商业秘密或其它保密信息。

具体而言，为了消除有关主管机关的任何疑惑，本院已在上述民事诉讼程序中签发了一份《保护令》，以确保任何可能在本诉讼中提出的专有或敏感文件的保密性（该保护令的建议稿见附件 C），包括上述中国公司等的第三方可以来充分利用该保护令的规定，通过该保护令所规定的标签来标记其提交的任何文件。举例说来，根据该保护令，任何被指定保护的材料将在检控、答辩或试图和解等特定情况向特定人群（例如接收方的内部和外部法律顾问、专家、法院工作人员）公布（详见该保护令第 §7 段）。该保护令并非向其他中国公司授予在其它民事诉讼程序中接触受保护材料的权利，而这些材料将会以安全的方式保存并维护，以确保接触这些材料仅限于得到授权的单位。鉴于上述中国公司所提供的文件的保密性将会得到妥善保护，根据本请求提交这些材料并不会损害中国的主权或安全、社会或公共利益，也不会泄漏上述中国公司任何商业秘密或保密信息。

9.    被查单位的身份及地址：

本请求寻求以下单位提交文件：

(1)　　　友达光电(苏州)有限公司, 友达光电股份有限公司在中国大陆的分公司, 其

法定代表人为彭双浪, 主要营业地点为:

> 中国江苏省苏州市苏州工业园区苏虹中路
> 398 号
> 邮编: 215021
> 电话: (+86) 512-6258-8899

(2)　　　友达光电(上海)有限公司(公司登记号 310000400286123), 友达光电股份有限

公司在中国大陆的分公司, 其法定代表人为彭双浪, 主要营业地点为:

> 中国上海市松江区出口加工区三庄路 58 弄 3
> 号
> 邮编: 201613
> 电话: (+86) 21-3781-8800

(3)　　　友达光电(厦门)有限公司(公司登记号 350200400001884), 友达光电股份有限

公司在中国大陆的分公司, 其法定代表人为彭双浪, 主要营业地点为:

> 中国福建省厦门市翔安区火炬高新区 (翔安)
> 产业区翔安北路 1689 号
> 邮编: 361102
> 电话: (+86) 592-788-8800

(4)　　　群创光电南京厂区, 群创光电股份有限公司在中国大陆的分公司, 主要营业

地点为:

> 中国江苏省南京市江宁经济开发区佛城西路
> 93 号
> 电话: (+86) 25-5118-1688

(5)     群创光电上海厂区，群创光电股份有限公司在中国大陆的分公司，其主要营业地点为：

> 中国上海市浦东外高桥保税区新海关巴圣路
> 272 号
> 电话：(+86) 21-5048-1188

(6)     群创光电宁波厂区，群创光电股份有限公司在中国大陆的分公司，其主要营业地点为：

> 中国浙江省宁波市宁波出口加工区扬子江北
> 路 16 号
> 电话：(+86) 574-8686-5999

(7)     群创光电南海厂区，群创光电股份有限公司在中国大陆的分公司，其主要营业地点为：

> 中国佛山市南海区南海科技工业园兴业北路
> 电话：(+86) 757-8879-9999

(8)     苏州乐轩科技有限公司，一家在中华人民共和国注册的公司，其主要营业地点为：

> 中国江苏省苏州市苏州新区马运路 278 号
> 电话：+86-512-6808-8500

第二营业地点为：

> 中国江苏省苏州市高新区金枫路 225 号

(9)    捷星显示科技(福建)有限公司(公司登记号350181400003337)，一家在中华人民共和国注册的公司，其法定代表人为SEONG Deog-ki，主要营业地点为：

> 中国福建省福清市融侨经济技术开发区光电园区
> 电话：(+86) 591-86515888 / 5861 / 5862

(10)   南京瀚宇彩欣科技有限责任公司 (公司登记号320100400015807)，瀚宇彩晶股份有限公司在中国大陆的分公司，其法定代表人为焦佑麒，主要营业地点为：

> 中国江苏省南京市南京经济技术开发区恒飞路18号
> 电话：(+86) 25-8580-3888 / 3808

(11)   瀚斯宝丽显示科技（南京）有限公司(公司登记号32010040042741)，瀚宇彩晶股份有限公司在中国大陆的分公司，其法定代表人为焦佑麒，主要营业地点为：

> 中国江苏省南京市恒通大道33号
> 电话：(+86) 25-8580-3888

(12)   昆山龙腾光电有限公司，一家在中华人民共和国注册的公司，其主要营业地点为：

> 中国江苏省昆山市东侧光电产业园龙腾路1号
> 电话：(+86) 512-5727-8888 / 5721-8813

(13)　深圳华映显示科技有限公司(公司登记号 440301503329722), 中华映管股份有限公司在中国大陆的分公司, 其法定代表人为许冀材, 主要营业地点为:

> 中国广东省深圳市宝安区光明高新技术产业园区塘明大道 9 号
> 电话: (+86) 755-8885-6789

(14)　福建华映显示科技有限公司(公司登记号 350100400010845), 中华映管股份有限公司在中国大陆的分公司, 其法定代表人为唐远生, 主要营业地点为:

> 中国福建省福州市马尾科技园区儒江西路 6 号
> 电话: (+86) 591-8397-1357

(15)　福建华冠光电有限公司(公司登记号 350000400000018), 中华映管股份有限公司在中国大陆的分公司, 其法定代表人为吴炳昌, 主要营业地点为:

> 中国福建省福清市融侨经济技术开发区元洪路上郑
> 电话: (+86) 591-2838-8888

(16)　华映视讯（吴江）有限公司, 中华映管股份有限公司在中国大陆的分公司, 主要营业地点为:

> 中国江苏省苏州市吴江经济开发区江兴东路 88 号
> 电话: (+86) 512-6340-6789

(17)　福州华映视讯有限公司(公司登记号 350100400005174)和(18) 华映光电股份

有限公司(公司登记号 35000040000430), 中华映管股份有限公司在中国大陆的分公司, 其

法定代表人分别为许翼材和康国财, 主要营业地点为:

中国福建省福州市马尾科技园区兴业路 1 号
电话: (+86) 591-8397-1357

10.　*向被调查人提出的问题或对待调查主题事项的声明:*

无

11.　*要求获取文件或其它资产:*

参见附件 B-1 至 B-17。

12.　*是否要求对证据宣誓或保证以及是否需要使用特殊表格:*

无

13.　*特殊方法或程序要求:*

根据公约第 19 条 (以及中华人民共和国民事诉讼法第 279 条), 本院诚挚的请求

有关的司法协助能够以下述方法及程序进行:

请求有关主管机关访问上述 18 家中国公司并要求各公司提交附件 B-1 至 B-17 中列

出并对应该公司的文件。提交的文件应为复印本, 但如果可以的话 (或在无法提交复印本

时), 应附上该文件的电子副本。对于上文提及有一个以上地址的中国公司, 有关主管机

关应当访问所有地址。

另外，为了确保被请求的文件能及时并准确地取得，并为了减轻有关主管机关执行本请求函的工作负担，本院请求相关的主管机关在访问每家中国公司前会各各当事人的指定代理人，并在取得相关主管机关的批准后，允许各当事人的指定代理人到现场协助（原告的指定的代理人的姓名和联系方式见下文第14项）。

如果上文请求的方法不符合中华人民共和国的法律，相关主管机关可以根据中国相关民事程序法律所规定的程序来收集附件 B-1 至 B-17 之一所列的文件。

根据附件 C 中由本院签发的保护令，上述中国公司可以根据本案的保护令标记其提交的文件。该保护令的规定在本院是有效的。

14.   *通知请求执行的时间地点的请求以及被通知人的身份和地址:*

何伟康
李文晞
德杰律师事务所

*中国香港皇后大道中 5 号衡怡大厦 27 楼*
*+852 3518 4705 / 4709*
*+852 3518 4777*
*lewis.ho@dechert.com*
*monique.lee@dechert.com*

15.   *请求机关司法人员出席或参与执行本请求函:*

无

16.   *根据起源国法律的举证豁免或拒提供证据的权利之描述:*

如果所要求的文件描述了单位与代理人之间的保密通信，该单位可以拒绝提供文件，但该单位应当向 GPH 或其代理人提供有关该等保密通信的记录。

17.   *根据公约第 14 条第 2 段或第 26 条可报销的费用和成本应当由以下当事人承担:*

图形产权控股有限公司
美利坚合众国纽约州新罗谢尔市哈里森街 56
号 505 室

邮编：10801

18.   *请求日：* _____, 2013

19.   *请求机关签章：*

Leonard P. Stark, J.

-20-

附件 A

1970 年 3 月 18 日从国外调取民事或商事证据的海牙公约(中英文版本)



HccH
HAGUE CONFERENCE ON
PRIVATE INTERNATIONAL LAW
*CONFÉRENCE DE LA HAYE*
*DE DROIT INTERNATIONAL PRIVÉ*

### 20. CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS[1]

*(Concluded 18 March 1970)*

The States signatory to the present Convention,
Desiring to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose,
Desiring to improve mutual judicial co-operation in civil or commercial matters,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions –

CHAPTER I – LETTERS OF REQUEST

#### Article 1

In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act.
A Letter shall not be used to obtain evidence which is not intended for use in judicial proceedings, commenced or contemplated.
The expression "other judicial act" does not cover the service of judicial documents or the issuance of any process by which judgments or orders are executed or enforced, or orders for provisional or protective measures.

#### Article 2

A Contracting State shall designate a Central Authority which will undertake to receive Letters of Request coming from a judicial authority of another Contracting State and to transmit them to the authority competent to execute them. Each State shall organise the Central Authority in accordance with its own law.
Letters shall be sent to the Central Authority of the State of execution without being transmitted through any other authority of that State.

#### Article 3

A Letter of Request shall specify –
a)    the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
b)    the names and addresses of the parties to the proceedings and their representatives, if any;
c)    the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
d)    the evidence to be obtained or other judicial act to be performed.

---

[1] This Convention, including related materials, is accessible on the website of the Hague Conference on Private International Law (www.hcch.net), under "Conventions" or under the "Evidence Section". For the full history of the Convention, see Hague Conference on Private International Law, *Actes et documents de la Onzième session (1968), Tome IV, Obtention des preuves* (219 pp.).

Where appropriate, the Letter shall specify, *inter alia* –

e) the names and addresses of the persons to be examined;
f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;
g) the documents or other property, real or personal, to be inspected;
h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;
i) any special method or procedure to be followed under Article 9.

A Letter may also mention any information necessary for the application of Article 11.
No legalisation or other like formality may be required.

## Article 4

A Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language.
Nevertheless, a Contracting State shall accept a Letter in either English or French, or a translation into one of these languages, unless it has made the reservation authorised by Article 33.
A Contracting State which has more than one official language and cannot, for reasons of internal law, accept Letters in one of these languages for the whole of its territory, shall, by declaration, specify the language in which the Letter or translation thereof shall be expressed for execution in the specified parts of its territory. In case of failure to comply with this declaration, without justifiable excuse, the costs of translation into the required language shall be borne by the State of origin.
A Contracting State may, by declaration, specify the language or languages other than those referred to in the preceding paragraphs, in which a Letter may be sent to its Central Authority.
Any translation accompanying a Letter shall be certified as correct, either by a diplomatic officer or consular agent or by a sworn translator or by any other person so authorised in either State.

## Article 5

If the Central Authority considers that the request does not comply with the provisions of the present Convention, it shall promptly inform the authority of the State of origin which transmitted the Letter of Request, specifying the objections to the Letter.

## Article 6

If the authority to whom a Letter of Request has been transmitted is not competent to execute it, the Letter shall be sent forthwith to the authority in the same State which is competent to execute it in accordance with the provisions of its own law.

## Article 7

The requesting authority shall, if it so desires, be informed of the time when, and the place where, the proceedings will take place, in order that the parties concerned, and their representatives, if any, may be present. This information shall be sent directly to the parties or their representatives when the authority of the State of origin so requests.

## Article 8

A Contracting State may declare that members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request. Prior authorisation by the competent authority designated by the declaring State may be required.

## Article 9

The judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed.

However, it will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties.
A Letter of Request shall be executed expeditiously.

## Article 10

In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

## Article 11

In the execution of a Letter of Request the person concerned may refuse to give evidence in so far as he has a privilege or duty to refuse to give the evidence –
a) under the law of the State of execution; or
b) under the law of the State of origin, and the privilege or duty has been specified in the Letter, or, at the instance of the requested authority, has been otherwise confirmed to that authority by the requesting authority.

A Contracting State may declare that, in addition, it will respect privileges and duties existing under the law of States other than the State of origin and the State of execution, to the extent specified in that declaration.

## Article 12

The execution of a Letter of Request may be refused only to the extent that –
a) in the State of execution the execution of the Letter does not fall within the functions of the judiciary; or
b) the State addressed considers that its sovereignty or security would be prejudiced thereby.

Execution may not be refused solely on the ground that under its internal law the State of execution claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not admit a right of action on it.

## Article 13

The documents establishing the execution of the Letter of Request shall be sent by the requested authority to the requesting authority by the same channel which was used by the latter.
In every instance where the Letter is not executed in whole or in part, the requesting authority shall be informed immediately through the same channel and advised of the reasons.

## Article 14

The execution of the Letter of Request shall not give rise to any reimbursement of taxes or costs of any nature.
Nevertheless, the State of execution has the right to require the State of origin to reimburse the fees paid to experts and interpreters and the costs occasioned by the use of a special procedure requested by the State of origin under Article 9, paragraph 2.
The requested authority whose law obliges the parties themselves to secure evidence, and which is not able itself to execute the Letter, may, after having obtained the consent of the requesting authority, appoint a suitable person to do so. When seeking this consent the requested authority shall indicate the approximate costs which would result from this procedure. If the requesting authority gives its consent it shall reimburse any costs incurred; without such consent the requesting authority shall not be liable for the costs.

CHAPTER II – TAKING OF EVIDENCE BY DIPLOMATIC OFFICERS, CONSULAR AGENTS AND COMMISSIONERS

## Article 15

In a civil or commercial matter, a diplomatic officer or consular agent of a Contracting State may, in the territory of another Contracting State and within the area where he exercises his functions, take the evidence without compulsion of nationals of a State which he represents in aid of proceedings commenced in the courts of a State which he represents.

A Contracting State may declare that evidence may be taken by a diplomatic officer or consular agent only if permission to that effect is given upon application made by him or on his behalf to the appropriate authority designated by the declaring State.

## Article 16

A diplomatic officer or consular agent of a Contracting State may, in the territory of another Contracting State and within the area where he exercises his functions, also take the evidence, without compulsion, of nationals of the State in which he exercises his functions or of a third State, in aid of proceedings commenced in the courts of a State which he represents, if –

a) a competent authority designated by the State in which he exercises his functions has given its permission either generally or in the particular case, and

b) he complies with the conditions which the competent authority has specified in the permission.

A Contracting State may declare that evidence may be taken under this Article without its prior permission.

## Article 17

In a civil or commercial matter, a person duly appointed as a commissioner for the purpose may, without compulsion, take evidence in the territory of a Contracting State in aid of proceedings commenced in the courts of another Contracting State if –

a) a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case; and

b) he complies with the conditions which the competent authority has specified in the permission.

A Contracting State may declare that evidence may be taken under this Article without its prior permission.

## Article 18

A Contracting State may declare that a diplomatic officer, consular agent or commissioner authorised to take evidence under Articles 15, 16 or 17, may apply to the competent authority designated by the declaring State for appropriate assistance to obtain the evidence by compulsion. The declaration may contain such conditions as the declaring State may see fit to impose.

If the authority grants the application it shall apply any measures of compulsion which are appropriate and are prescribed by its law for use in internal proceedings.

## Article 19

The competent authority, in giving the permission referred to in Articles 15, 16 or 17, or in granting the application referred to in Article 18, may lay down such conditions as it deems fit, *inter alia*, as to the time and place of the taking of the evidence. Similarly it may require that it be given reasonable advance notice of the time, date and place of the taking of the evidence; in such a case a representative of the authority shall be entitled to be present at the taking of the evidence.

## Article 20

In the taking of evidence under any Article of this Chapter persons concerned may be legally represented.

## Article 21

Where a diplomatic officer, consular agent or commissioner is authorised under Articles 15, 16 or 17 to take evidence –

a)  he may take all kinds of evidence which are not incompatible with the law of the State where the evidence is taken or contrary to any permission granted pursuant to the above Articles, and shall have power within such limits to administer an oath or take an affirmation;

b)  a request to a person to appear or to give evidence shall, unless the recipient is a national of the State where the action is pending, be drawn up in the language of the place where the evidence is taken or be accompanied by a translation into such language;

c)  the request shall inform the person that he may be legally represented and, in any State that has not filed a declaration under Article 18, shall also inform him that he is not compelled to appear or to give evidence;

d)  the evidence may be taken in the manner provided by the law applicable to the court in which the action is pending provided that such manner is not forbidden by the law of the State where the evidence is taken;

e)  a person requested to give evidence may invoke the privileges and duties to refuse to give the evidence contained in Article 11.

## Article 22

The fact that an attempt to take evidence under the procedure laid down in this Chapter has failed, owing to the refusal of a person to give evidence, shall not prevent an application being subsequently made to take the evidence in accordance with Chapter I.

### CHAPTER III – GENERAL CLAUSES

## Article 23

A Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries.

## Article 24

A Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence. However, Letters of Request may in all cases be sent to the Central Authority.
Federal States shall be free to designate more than one Central Authority.

## Article 25

A Contracting State which has more than one legal system may designate the authorities of one of such systems, which shall have exclusive competence to execute Letters of Request pursuant to this Convention.

## Article 26

A Contracting State, if required to do so because of constitutional limitations, may request the reimbursement by the State of origin of fees and costs, in connection with the execution of Letters of

Request, for the service of process necessary to compel the appearance of a person to give evidence, the costs of attendance of such persons, and the cost of any transcript of the evidence.

Where a State has made a request pursuant to the above paragraph, any other Contracting State may request from that State the reimbursement of similar fees and costs.

## Article 27

The provisions of the present Convention shall not prevent a Contracting State from –

a)    declaring that Letters of Request may be transmitted to its judicial authorities through channels other than those provided for in Article 2;

b)    permitting, by internal law or practice, any act provided for in this Convention to be performed upon less restrictive conditions;

c)    permitting, by internal law or practice, methods of taking evidence other than those provided for in this Convention.

## Article 28

The present Convention shall not prevent an agreement between any two or more Contracting States to derogate from –

a)    the provisions of Article 2 with respect to methods of transmitting Letters of Request;

b)    the provisions of Article 4 with respect to the languages which may be used;

c)    the provisions of Article 8 with respect to the presence of judicial personnel at the execution of Letters;

d)    the provisions of Article 11 with respect to the privileges and duties of witnesses to refuse to give evidence;

e)    the provisions of Article 13 with respect to the methods of returning executed Letters to the requesting authority;

f)    the provisions of Article 14 with respect to fees and costs;

g)    the provisions of Chapter II.

## Article 29

Between Parties to the present Convention who are also Parties to one or both of the Conventions on Civil Procedure signed at The Hague on the 17th of July 1905 and the 1st of March 1954, this Convention shall replace Articles 8-16 of the earlier Conventions.

## Article 30

The present Convention shall not affect the application of Article 23 of the Convention of 1905, or of Article 24 of the Convention of 1954.

## Article 31

Supplementary Agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention unless the Parties have otherwise agreed.

## Article 32

Without prejudice to the provisions of Articles 29 and 31, the present Convention shall not derogate from conventions containing provisions on the matters covered by this Convention to which the Contracting States are, or shall become Parties.

Article 33

A State may, at the time of signature, ratification or accession exclude, in whole or in part, the application of the provisions of paragraph 2 of Article 4 and of Chapter II. No other reservation shall be permitted.

Each Contracting State may at any time withdraw a reservation it has made; the reservation shall cease to have effect on the sixtieth day after notification of the withdrawal.

When a State has made a reservation, any other State affected thereby may apply the same rule against the reserving State.

Article 34

A State may at any time withdraw or modify a declaration.

Article 35

A Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the designation of authorities, pursuant to Articles 2, 8, 24 and 25.

A Contracting State shall likewise inform the Ministry, where appropriate, of the following –

a)   the designation of the authorities to whom notice must be given, whose permission may be required, and whose assistance may be invoked in the taking of evidence by diplomatic officers and consular agents, pursuant to Articles 15, 16 and 18 respectively;

b)   the designation of the authorities whose permission may be required in the taking of evidence by commissioners pursuant to Article 17 and of those who may grant the assistance provided for in Article 18;

c)   declarations pursuant to Articles 4, 8, 11, 15, 16, 17, 18, 23 and 27;

d)   any withdrawal or modification of the above designations and declarations;

e)   the withdrawal of any reservation.

Article 36

Any difficulties which may arise between Contracting States in connection with the operation of this Convention shall be settled through diplomatic channels.

Article 37

The present Convention shall be open for signature by the States represented at the Eleventh Session of the Hague Conference on Private International Law.

It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

Article 38

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 37.

The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

Article 39

Any State not represented at the Eleventh Session of the Hague Conference on Private International Law which is a Member of this Conference or of the United Nations or of a specialised agency of that Organisation, or a Party to the Statute of the International Court of Justice may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 38.

The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for a State acceding to it on the sixtieth day after the deposit of its instrument of accession.

The accession will have effect only as regards the relations between the acceding State and such Contracting States as will have declared their acceptance of the accession. Such declaration shall be deposited at the Ministry of Foreign Affairs of the Netherlands; this Ministry shall forward, through diplomatic channels, a certified copy to each of the Contracting States.

The Convention will enter into force as between the acceding State and the State that has declared its acceptance of the accession on the sixtieth day after the deposit of the declaration of acceptance.

### Article 40

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification indicated in the preceding paragraph.

### Article 41

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 38, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

### Article 42

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 37, and to the States which have acceded in accordance with Article 39, of the following –

a)   the signatures and ratifications referred to in Article 37;

b)   the date on which the present Convention enters into force in accordance with the first paragraph of Article 38;

c)   the accessions referred to in Article 39 and the dates on which they take effect;

d)   the extensions referred to in Article 40 and the dates on which they take effect;

e)   the designations, reservations and declarations referred to in Articles 33 and 35;

f)   the denunciations referred to in the third paragraph of Article 41.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 18th day of March, 1970, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Eleventh Session of the Hague Conference on Private International Law.

# 20: 关于从国外调取民事或
# 商事证据的公约①

本公约签字国,

希望便利请求书的转递和执行,并促进他们为此目的而采取的不同方法的协调,

希望增进相互间在民事或商事方面的司法合作,

为此目的,兹决定缔结一项公约,并议定下列各条:

## 第一章 请 求 书

**第一条** 在民事或商事案件中,每一缔约国的司法机关可以根据该国的法律规定,通过请求书的方式,请求另一缔约国主管机关调取证据或履行某些其他司法行为。

请求书不得用来调取不打算用于已经开始或即将开始的司法程序的证据。

"其他司法行为"一词不包括司法文书的送达或颁发执行判决或裁定的任何决定,或采取临时措施或保全措施的命令。

**第二条** 每一缔约国应指定一个中央机关负责接收来自另一缔约国司法机关的请求书,并将其转交给执行请求的主管机关。各缔约国应依其本国法律组建该中央机关。

请求书应直接送交执行国中央机关,无需通过该国任何其他机关转交。

**第三条** 请求书应载明:

(一)请求执行的机关,以及如果请求机关知道,被请求执行的机关;

(二)诉讼当事人的姓名和地址,以及如有的话,他们的代理人的姓名和地址;

---

① 本公约于1970年3月18日订于海牙,于1972年10月7日生效。缔约国(54):阿尔巴尼亚、阿根廷、澳大利亚、白俄罗斯、波黑、保加利亚、中国(包括香港特别行政区和澳门特别行政区)、克罗地亚、塞浦路斯、捷克、丹麦、爱沙尼亚、芬兰、法国、德国、希腊、匈牙利、冰岛、印度、以色列、意大利、韩国、拉脱维亚、立陶宛、卢森堡、马耳他、墨西哥、摩纳哥、摩洛哥、荷兰、挪威、波兰、葡萄牙、罗马尼亚、俄罗斯、塞尔维亚、斯洛伐克、斯洛文尼亚、南非、西班牙、斯里兰卡、瑞典、瑞士、马其顿、土耳其、乌克兰、英国、美国、委内瑞拉、巴巴多斯、科威特、列支敦士登、塞舌尔、新加坡。我国于1997年7月3日决定加入本公约。

（三）需要证据的诉讼的性质，及有关的一切必要资料；

（四）需要调取的证据或需履行的其他司法行为。

必要时，请求书还应特别载明：

（五）需询问的人的姓名和地址；

（六）需向被询问人提出的问题或对需询问的事项的说明；

（七）需检查的文书或其他财产，包括不动产或动产；

（八）证据需经宣誓或确认的任何要求，以及应使用的任何特殊格式；

（九）依公约第九条需采用的任何特殊方式或程序。

请求书还可以载明为适用第十一条所需的任何资料。

不得要求认证或其他类似手续。

第四条　请求书应以被请求执行机关的文字作成或附该种文字的译文。

但是，除非缔约国已根据第三十三条提出保留，缔约国应该接受以英文或法文作成或附其中任何一种文字译文的请求书。

具有多种官方文字并且国内法原因不能在其全部领土内接受由其中一种文字作成的请求书的缔约国，应通过声明方式指明请求书在其领土的特定部分内执行时应使用的文字或译文。如无正当理由而未能遵守这一声明，译成所需文字的费用由请求国负担。

每一缔约国可用声明方式指明除上述各款规定的文字以外，送交其中央机关的请求书可以使用的其他文字。

请求书所附的任何译文应经外交官员、领事代表或经宣誓的译员或经两国中的一国授权的任何其他人员证明无误。

第五条　如果中央机关认为请求书不符合本公约的规定，应立即通知向其送交请求书的请求国机关，指明对该请求书的异议。

第六条　如被送交请求书的机关无权执行请求，应将请求书及时转交根据其国内法律规定有权执行的本国其他机关。

第七条　如请求机关提出请求，应将进行司法程序的时间和地点通知该机关，以便有关当事人和他们已有的代理人能够出席。如果请求机关提出请求，上述通知应直接送交当事人或他们的代理人。

第八条　缔约国可以声明，在执行请求时，允许另一缔约国请求机关的司法人员出席。对此，声明国可要求事先取得其指定的主管机关的授权。

第九条　执行请求书的司法机关应适用其本国法规定的方式和程序。

但是，该机关应采纳请求机关提出的采用特殊方式或程序的请求，除非其与执行国国内法相抵触或因其国内惯例和程序或存在实际困难而不可能执行。

请求书应迅速执行。

**第十条** 在执行请求时，被请求机关应在其国内法为执行本国机关的决定或本国诉讼中当事人的请求而规定的相同的情况和范围内，采取适当的强制措施。

**第十一条** 在请求书的执行过程中，在下列情况下有拒绝作证的特权或义务的有关人员，可以拒绝提供证据：

（一）根据执行国法律；或

（二）根据请求国法律，并且该项特权或义务已在请求书中列明，或应被请求机关的要求，已经请求机关另行确认。

此外，缔约国可以声明在声明指定的范围内，尊重请求国和执行国以外的其他国家法律规定的特权或义务。

**第十二条** 只有在下列情况下，才能拒绝执行请求书：

（一）在执行国，该请求书的执行不属于司法机关的职权范围；或

（二）被请求国认为，请求书的执行将会损害其主权和安全。

执行国不能仅因其国内法已对该项诉讼标的规定专属管辖权或不承认对该事项提起诉讼的权利为理由，拒绝执行请求。

**第十三条** 证明执行请求书的文书应由被请求机关采用与请求机关所采用的相同途径送交请求机关。

在请求书全部或部分未能执行的情况下，应通过相同途径及时通知请求机关，并说明原因。

**第十四条** 请求书的执行不产生任何性质的税费补偿。

但是，执行国有权要求请求国偿付支付给鉴定人和译员的费用和因采用请求国根据第九条第二款要求采用的特殊程序而产生的费用。

如果被请求国法律规定当事人有义务收集证据，并且被请求机关不能亲自执行请求书，在征得请求机关的同意后，被请求机关可以指定一位适当的人员执行。在征求此种同意时，被请求机关应说明采用这一程序所产生的大致费用。如果请求机关表示同意，则应偿付由此产生的任何费用；否则请求机关对该费用不承担责任。

## 第二章　外交官员、领事代表和特派员取证

**第十五条** 在民事或商事案件中，每一缔约国的外交官员或领事代表在另一缔约国境内其执行职务的区域内，可以向他所代表的国家的国民在不采取强制措施的情况下调取证据，以协助在其代表的国家的法院中进行的诉讼。

缔约国可以声明，外交官员和领事代表只有在自己或其代表向声明国指定的适当机关递交了申请并获得允许后才能调取证据。

第十六条　在符合下列条件的情况下，每一缔约国的外交官员或领事代表在另一缔约国境内其执行职务的区域内，亦可以向他执行职务地所在国或第三国国民在不采取强制措施的情况下调取证据，以协助在其代表的国家的法院中进行的诉讼：

（一）他执行职务地所在国指定的主管机关已给予一般性或对特定案件的许可，并且

（二）他遵守主管机关在许可中设定的条件。

缔约国可以声明，无须取得事先许可即可依本条进行取证。

第十七条　在符合下列条件的情况下，在民事或商事件中，被正式指派的特派员可以在不采取强制措施的情况下在一缔约国境内调取证据，以协助在另一缔约国法院中正在进行的诉讼：

（一）取证地国指定的主管机关已给予一般性或对特定案件的许可；并且

（二）他遵守主管机关在许可中设定的条件。

缔约国可以声明在无事先许可的情况下依本条进行取证。

第十八条　缔约国可以声明，根据第十五条、第十六条、第十七条被授权调取证据的外交官员、领事代表或特派员可以申请声明国指定的主管机关采取强制措施，对取证予以适当协助。声明中可包含声明国认为合适的条件。

如果主管机关同意该项申请，则应采取其国内法规定的适用于国内诉讼程序的一切合适的强制措施。

第十九条　主管机关在给予第十五条、第十六条或第十七条所指的许可或同意第十八条所指的申请时，可规定其认为合适的条件，特别是调取证据的时间和地点。同时，它可以要求得到有关取证的时间、日期和地点的合理的事先通知。在这种情况下，该机关的代表有权在取证时出席。

第二十条　根据本章各条取证时，有关人员可以得到合法代理。

第二十一条　如果外交官员、领事代表或特派员根据第十五条、第十六条或第十七条有权调取证据：

（一）他可以调取与取证地国法律不相抵触并不违背根据上述各条给予的任何许可的各种证据，并有权在上述限度内主持宣誓或接受确认；

（二）要求某人出庭或提供证据的请求应用取证地国文字作成或附有取证地国文字的译文，除非该人为诉讼进行地国国民；

（三）请求中应通知该人，他可得到合法代理；在未根据第十八条提出声明的国家，还应通知该人他的出庭或提供证据不受强制；

（四）如果取证地国法律未禁止，可以依受理诉讼的法院所适用的法律中规定的方式调取证据；

（五）被请求提供证据的人员可以引用第十一条规定的特权和义务拒绝提供证据。

第二十二条　因为某人拒绝提供证据而未能依本章规定的程序取证的事实不妨碍随后根据第一章提出取证申请。

### 第三章　一般条款

第二十三条　缔约国可在签署、批准或加入时声明，不执行普通法国家的旨在进行审判前文件调查的请求书。

第二十四条　缔约国可以指定除中央机关以外的其他机关，并应决定它们的职权范围。但是在任何情况下，都可以向中央机关送交请求书。

联邦国家有权指定一个以上的中央机关。

第二十五条　有多种法律制度的缔约国可以指定其中一种制度内的机关具有执行根据本公约提出的请求书的专属权利。

第二十六条　如果因为宪法的限制，缔约国可以要求请求国偿付与执行请求书有关的送达强制某人出庭提供证据的传票的费用，该人出庭的费用，以及制作询问笔录的费用。

如果一国根据前款提出请求，任何其他缔约国可要求该国偿付同类费用。

第二十七条　本公约的规定不妨碍缔约国：

（一）声明可以通过第二条规定的途径以外的途径将请求书送交其司法机关；

（二）根据其国内法律或惯例，允许在更少限制的情况下实行本公约所规定的行为；

（三）根据其国内法律或惯例，允许以本公约规定以外的方式调取证据。

第二十八条　本公约不妨碍任何两个或两个以上的缔约国缔结协定排除下列条款的适用：

（一）第二条有关送交请求书方式的规定；

（二）第四条有关使用文字的规定；

（三）第八条有关在执行请求书时司法机关人员出席的规定；

（四）第十一条有关证人拒绝作证的特权和义务的规定；

（五）第十三条有关将执行请求书的文书送回请求机关的方式的规定；

（六）第十四条有关费用的规定；

（七）第二章的规定。

第二十九条　在同为 1905 年 7 月 17 日或 1954 年 3 月 1 日在海牙签订的两个《民事诉讼程序公约》或其中之一的当事国的本公约当事国之间，本公约

取代上述两公约第八条至第十六条的规定。

第三十条　本公约不影响 1905 年公约第二十三条或 1954 年公约第二十四条规定的适用。

第三十一条　1905 年和 1954 年公约当事国之间的补充协定应被认为同样适用于本公约,除非当事国之间另有约定。

第三十二条　在不影响本公约第二十九条和第三十一条规定的前提下,本公约不影响缔约国已经或即将成为当事国的包含本公约事项的其他公约的适用。

第三十三条　一国可在签署、批准或加入公约时,部分或全部排除第四条第二款和第二章的规定的适用。不允许作其他保留。

缔约国可随时撤回其保留;保留自撤回通知后第六十日起失去效力。

如果一国作出保留,受其影响的任何其他国家可以对保留国适用相同的规则。

第三十四条　缔约国可随时撤销或更改其声明。

第三十五条　缔约国应在交存批准书或加入书时或其后,将根据第二条、第八条、第二十四条和第二十五条指定的机关通知荷兰外交部。

缔约国还应在适当时通知荷兰外交部:

(一)根据第十五条、第十六条和第十七条的相关规定外交官员或领事代表调取证据时应向其递交通知、获取许可、请求协助的机关的指定;

(二)根据第十七条特派员取证时应获其许可和根据第十八条提供协助的机关的指定;

(三)根据第四条、第八条、第十一条、第十五条、第十六条、第十七条、第十八条、第二十三条和第二十五条所作的声明;

(四)任何对上述指定或声明的撤销或更改;

(五)保留的撤回。

第三十六条　缔约国之间因实施本公约产生的任何困难应通过外交途径解决。

第三十七条　本公约应对出席海牙国际私法会议第十一次会议的国家开放签署。

本公约需经批准。批准书应交存荷兰外交部。

第三十八条　本公约自第三十七条第二款所指的第三份批准书交存后第 60 日起生效。

对于此后批准公约的签署国,公约自该国交存批准书后第 60 日起生效。

第三十九条　任何未出席第十一次海牙国际私法会议的海牙国际私法会

议的成员国、联合国或该组织专门机构的成员国、或国际法院规约当事国可在公约根据第三十八条第一款生效后加入本公约。

加入书应交存荷兰外交部。

自交存加入书后第 60 日起公约对该加入国生效。

加入行为只在加入国和已声明接受该国加入的公约缔约国之间的关系方面发生效力。上述声明应交存荷兰外交部；荷兰外交部应将经证明的副本通过外交途径转送各缔约国。

本公约自加入国和接受该国加入的国家之间自交存接受声明后第 60 日起生效。

第四十条　任何国家可在签署、批准或加入公约时声明，本公约扩展适用于该国负责其国际关系的全部领域或其中一个或几个部分。此项声明自本公约对有关国家生效之日起生效。

此后任一时间的上述扩展适用均应通知荷兰外交部。

本公约自前款所指的通知后第 60 日起对声明所提及的领域生效。

第四十一条　本公约自根据公约第三十八条第一款生效后 5 年内有效，对后来批准或加入本公约的国家同样如此。

如未经退出，本公约每 5 年自动延续一次。

退出应最迟于 5 年期满前 6 个月通知荷兰外交部。

退出可仅限于公约适用的特定区域。

退出仅对通知退出的国家有效。公约对其他缔约国仍然有效。

第四十二条　荷兰外交部应将下列事项通知第三十七条所指的国家和根据第三十九条加入的国家：

（一）第三十七条所指的签署和批准；

（二）公约根据第三十八条第一款生效的日期；

（三）第三十九条所指的加入及其生效日期；

（四）第四十条所指的扩展及其生效日期；

（五）根据第三十三条和第三十五条所作的指定、保留和声明；

（六）第四十一条第三款所指的退出。

下列经正式授权的签署人签署本公约，以昭信守。

1970 年 3 月 18 日订于海牙，用英文和法文写成，两种文本同等作准。正本一份，存放于荷兰政府档案库，其经证明无误的副本应通过外交途径送交出席海牙国际私法会议第十一次会议的国家。

附件 B-1

请求从友达光电(苏州)有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. B101EVN06.0 00

2. B101EVT03.0

3. B101EVT04.0

4. B101EW05

5. B101EW05 0A

6. B101EW05 V1

7. B101EW05 V3

8. B101UAN02.1

9. B101UAT02.2

10. B101UAT02.2 H/W: 1A

11. B101UAT02.2 H/W: 2A

12. B116HAN03.0

13. B116XTN04.0

14. B116XW02 V0 (H/W:1A)/SZ

15. B116XW03

16. B125XW01 V0 (H/W:3A)

17. B133HAN03.0

18. B133XTF01.2

19. B133XTF01.3

20. B133XTF01.4

21. B133XTN01.2

22. B133XW01 V0 (LED)

23. B133XW03

24. B133XW03 V0 (H/W:EA)

25. B133XW03 V4 (H/W:0A)

26. B133XW03 V4 (OPENCELL)

27. B140XTN01.3 (H/W:0A)

28. B140XTN02.4

29. B140XW01

30. B140XW01 V0 (H/W:0A) OMEGA

31. B140XW01 V1 (H/W:8A)

32. B140XW01 V8 (H/W:5A)

33. B140XW02 V1 (0A) LED

34. B140XW03

35. B140XW04

36. B156HW01 V5 (H/W:0A)

37. B156XTN01.0

38. B156XTN02.2

39. B156XTN02.3

40. B156XTN02.4 (HW:0A)

41. B156XTN03.1

42. B156XW02

43. B156XW02 V2 (H/W:4A)

44. B156XW02 V3 (H/W:4A)

45. B156XW02 V6 (H/W:0A)

46. B156XW02 V6 (H/W:0A) OMEGA

47. B156XW02 V6 (H/W:0A)/HOLDER

48. B156XW02 V6 (H/W:0A)/TAPE

49. B156XW02 V7 (H/W:0A)

50. B156XW03 V0 (LED)

51. B156XW04

52. B156XW04 V5 (H/W:0A)

53. B173RW01 V0 (H/W:1A) (LED)

54. B173RW01 V0 (H/W:1A) OMEGA

55. B173RW01 V2 (H/W:5A)

56. B173RW01 V3 (H/W:5A)

57. B173RW01 - V3

58. B173RW01 - V5

59. M185XTN01.0 00 - S03

60. M185XTN01.0 0A - Z31

61. M185XW01 VD 0A - S03

62. M200RTN01.0

63. M200RW01 V6

64. M215HW01

65. M215HW01 VB 0A - S11

66. M240HW01 v.DQ0 01

67. M240HW01 V6

68. M240HW01 VB 00 - S11

69. M240HW01 VB 0A - S11

70. M240HW01 VD

71. M240HW01 VE

72. M240HW01-VD

73. M240HW-01-VD

74. M240HW02 V1 00 - S11

75. M240HW02 V6

76. M240HW02-V6

77. M240Q01 VBQ 00

78. M240Q01 VBQ 01

79. M270HW02 V0 00 - S11

80. M270HW02 V1

81. M270HW02 V1/20

82. M270HW02 V3

83. T420HB01 V000

84. T420HF04 V0

85. T420HVN01.1

86. T460HF04 V0

87. T500DB01 V0

88. T546HF01 V.0

89. T550HVN01.5

90. T576DC01 V1

91. T645HW05 V0

附件 **B-2**

请求从友达光电(上海)有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1.  B101EVN06.0 00

2.  B101EVT03.0

3.  B101EVT04.0

4.  B101EW05

5.  B101EW05 0A

6.  B101EW05 V1

7.  B101EW05 V3

8.  B101UAN02.1

9.  B101UAT02.2

10. B101UAT02.2 H/W: 1A

11. B101UAT02.2 H/W: 2A

12. B116HAN03.0

13. B116XTN04.0

14. B116XW02 V0 (H/W:1A)/SZ

15. B116XW03

16. B125XW01 V0 (H/W:3A)

17. B133HAN03.0

18. B133XTF01.2

19. B133XTF01.3

20. B133XTF01.4

21. B133XTN01.2

22. B133XW01 V0 (LED)

23. B133XW03

24. B133XW03 V0 (H/W:EA)

25. B133XW03 V4 (H/W:0A)

26. B133XW03 V4 (OPENCELL)

27. B140XTN01.3 (H/W:0A)

28. B140XTN02.4

29. B140XW01

30. B140XW01 V0 (H/W:0A) OMEGA

31. B140XW01 V1 (H/W:8A)

32. B140XW01 V8 (H/W:5A)

33. B140XW02 V1 (0A) LED

34. B140XW03

35. B140XW04

36. B156HW01 V5 (H/W:0A)

37. B156XTN01.0

38. B156XTN02.2

39. B156XTN02.3

40. B156XTN02.4 (HW:0A)

41. B156XTN03.1

42. B156XW02

43. B156XW02 V2 (H/W:4A)

44. B156XW02 V3 (H/W:4A)

45. B156XW02 V6 (H/W:0A)

46. B156XW02 V6 (H/W:0A) OMEGA

47. B156XW02 V6 (H/W:0A)/HOLDER

48. B156XW02 V6 (H/W:0A)/TAPE

49. B156XW02 V7 (H/W:0A)

50. B156XW03 V0 (LED)

51. B156XW04

52. B156XW04 V5 (H/W:0A)

53. B173RW01 V0 (H/W:1A) (LED)

54. B173RW01 V0 (H/W:1A) OMEGA

55. B173RW01 V2 (H/W:5A)

56. B173RW01 V3 (H/W:5A)

57. B173RW01 - V3

58. B173RW01 - V5

59. M185XTN01.0 00 - S03

60. M185XTN01.0 0A - Z31

61. M185XW01 VD 0A - S03

62. M200RTN01.0

63. M200RW01 V6

64. M215HW01

65. M215HW01 VB 0A – S11

66. M240HW01 v.DQ0 01

67. M240HW01 V6

68. M240HW01 VB 00 – S11

69. M240HW01 VB 0A – S11

70. M240HW01 VD

71. M240HW01 VE

72. M240HW01-VD

73. M240HW-01-VD

74. M240HW02 V1 00 – S11

75. M240HW02 V6

76. M240HW02-V6

77. M240Q01 VBQ 00

78. M240Q01 VBQ 01

79. M270HW02 V0 00 – S11

80. M270HW02 V1

81. M270HW02 V1/20

82. M270HW02 V3

83. T420HB01 V000

84. T420HF04 V0

85. T420HVN01.1

86. T460HF04V0

87. T500DB01 V0

88. T546HF01 V.0

89. T550HVN01.5

90. T576DC01 V1

91. T645HW05 V0

附件 **B-3**

请求从友达光电(厦门)有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计:

1. B101EVN06.0 00
2. B101EVT03.0
3. B101EVT04.0
4. B101EW05
5. B101EW05 0A
6. B101EW05 V1
7. B101EW05 V3
8. B101UAN02.1
9. B101UAT02.2
10. B101UAT02.2 H/W: 1A
11. B101UAT02.2 H/W: 2A
12. B116HAN03.0
13. B116XTN04.0
14. B116XW02 V0 (H/W:1A)/SZ
15. B116XW03
16. B125XW01 V0 (H/W:3A)
17. B133HAN03.0
18. B133XTF01.2

19. B133XTF01.3

20. B133XTF01.4

21. B133XTN01.2

22. B133XW01 V0 (LED)

23. B133XW03

24. B133XW03 V0 (H/W:EA)

25. B133XW03 V4 (H/W:0A)

26. B133XW03 V4 (OPENCELL)

27. B140XTN01.3 (H/W:0A)

28. B140XTN02.4

29. B140XW01

30. B140XW01 V0 (H/W:0A) OMEGA

31. B140XW01 V1 (H/W:8A)

32. B140XW01 V8 (H/W:5A)

33. B140XW02 V1 (0A) LED

34. B140XW03

35. B140XW04

36. B156HW01 V5 (H/W:0A)

37. B156XTN01.0

38. B156XTN02.2

39. B156XTN02.3

40. B156XTN02.4 (HW:0A)

41. B156XTN03.1

42. B156XW02

43. B156XW02 V2 (H/W:4A)

44. B156XW02 V3 (H/W:4A)

45. B156XW02 V6 (H/W:0A)

46. B156XW02 V6 (H/W:0A) OMEGA

47. B156XW02 V6 (H/W:0A)/HOLDER

48. B156XW02 V6 (H/W:0A)/TAPE

49. B156XW02 V7 (H/W:0A)

50. B156XW03 V0 (LED)

51. B156XW04

52. B156XW04 V5 (H/W:0A)

53. B173RW01 V0 (H/W:1A) (LED)

54. B173RW01 V0 (H/W:1A) OMEGA

55. B173RW01 V2 (H/W:5A)

56. B173RW01 V3 (H/W:5A)

57. B173RW01 - V3

58. B173RW01 - V5

59. M185XTN01.0 00   S03

60. M185XTN01.0 0A - Z31

61. M185XW01 VD 0A - S03

62. M200RTN01.0

63. M200RW01 V6

64. M215HW01

65. M215HW01 VB 0A - S11

66. M240HW01 v.DQ0 01

67. M240HW01 V6

68. M240HW01 VB 00 - S11

69. M240HW01 VB 0A - S11

70. M240HW01 VD

71. M240HW01 VE

72. M240HW01-VD

73. M240HW-01-VD

74. M240HW02 V1 00 - S11

75. M240HW02 V6

76. M240HW02-V6

77. M240Q01 VBQ 00

78. M240Q01 VBQ 01

79. M270HW02 V0 00 - S11

80. M270HW02 V1

81. M270HW02 V1/20

82. M270HW02 V3

83. T420HB01 V000

84. T420HF04 V0

85. T420HVN01.1

86. T460HF04V0

87. T500DB01 V0

88. T546HF01 V.0

89. T550HVN01.5

90. T576DC01 V1

91. T645HW05 V0

附件 **B-4**

请求从群创光电南京厂区获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些

文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. AT070TNA2

2. AT070TNA2 V1

3. BT140GW01 V.9/F

4. BT140GW02 V.9

5. BT140GW03

6. BT140W03

7. EJ070NA-01F

8. EJ080NA-04A

9. M170EGE-L20

10. M185B3 - LA1 C1

11. M185BGE-L10 (C1/C2)

12. M185BGE-L22

13. M185BGE - L23

14. M190CGE-L20

15. M20001-L02 (912)

16. M200FGE-L20

17. M200FGE-L20 C1

18. M200FGE - L23

19. M200O3 - LA1 C1

20. M200O3 - LA3

21. M215H3 - LA1 C1

22. M215HGE-L10 (C1/C2)

23. M215HGE-L21

24. M215HGE-L23

25. M215HGE-L23 (C1)

26. M230HGE-L20 (C1)

27. M236H1-L01

28. M236HGE-L10

29. M236HGE-L20

30. M236HGE-L20 V3.0

31. M270HGE-L10

32. M270HGE-L20

33. M270HGE-L20 (C1/C2)

34. M270HHF-L10 (3D 120HZ)

35. MT185GW01-V2 (1231)

36. MT190AW02-V4

37. N116BGE - L32

38. N116BGE-L41

39. N116BGE - L42

40. N116HSE-EA1

41. N116HSE-EJ1

42. N133BGE-L41

43. N133HSE-EA1

44. N140B6-L08

45. N140B6 - L24

46. N140BGE-L22

47. N140BGE - L42

48. N156B3-L0B (CCFL)/2ND

49. N156B6 - L0B

50. N156B6-L3D 3D

51. N156BGE - E21

52. N156BGE - L11

53. N156BGE-L21

54. N156BGE-L21 OMEGA

55. N156BGE-L41

56. N156BGE-L42

57. N173FGE - L21

58. N173FGE - L23

59. N173HGE-L11

60. N173HGE-L21

61. N173O6-L02 ZBD

62. N184H6-L02

63. NLED14WXGAGS

64. TPM185B1-B3LA

65. TPM215RW01-HGEL01

66. V200HJ2-LE2

67. V236H1-LE6

68. V500HJ1-LE2

69. V500HK1-LS5

附件 B-5

请求从群创光电上海厂区获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. AT070TNA2

2. AT070TNA2 V1

3. BT140GW01 V.9/F

4. BT140GW02 V.9

5. BT140GW03

6. BT140W03

7. EJ070NA-01F

8. EJ080NA-04A

9. M170EGE-L20

10. M185B3 - LA1 C1

11. M185BGE-L10 (C1/C2)

12. M185BGE-L22

13. M185BGE - L23

14. M190CGE-L20

15. M20001-L02 (912)

16. M200FGE-L20

17. M200FGE-L20 C1

18. M200FGE - L23

19. M200O3 - LA1 C1

20. M200O3 - LA3

21. M215H3 - LA1 C1

22. M215HGE-L10 (C1/C2)

23. M215HGE-L21

24. M215HGE-L23

25. M215HGE-L23 (C1)

26. M230HGE-L20 (C1)

27. M236H1-L01

28. M236HGE-L10

29. M236HGE-L20

30. M236HGE-L20 V3.0

31. M270HGE-L10

32. M270HGE-L20

33. M270HGE-L20 (C1/C2)

34. M270HHF-L10 (3D 120HZ)

35. MT185GW01-V2 (1231)

36. MT190AW02-V4

37. N116BGE - L32

38. N116BGE-L41

39. N116BGE - L42

40. N116HSE-EA1

41. N116HSE-EJ1

42. N133BGE-L41

43. N133HSE-EA1

44. N140B6-L08

45. N140B6 - L24

46. N140BGE-L22

47. N140BGE - L42

48. N156B3-L0B (CCFL)/2ND

49. N156B6 - L0B

50. N156B6-L3D 3D

51. N156BGE - E21

52. N156BGE - L11

53. N156BGE-L21

54. N156BGE-L21 OMEGA

55. N156BGE-L41

56. N156BGE-L42

57. N173FGE - L21

58. N173FGE - L23

59. N173HGE-L11

60. N173HGE-L21

61. N173O6-L02 ZBD

62. N184H6-L02

63. NLED14WXGAGS

64. TPM185B1-B3LA

65. TPM215RW01-HGEL01

66. V200HJ2-LE2

67. V236H1-LE6

68. V500HJ1-LE2

69. V500HK1-LS5

附件 **B-6**

请求从群创光电宁波厂区获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i)材料层的排列和机械间距以及(ii)光管或导光管的设计:

1. AT070TNA2

2. AT070TNA2 V1

3. BT140GW01 V.9/F

4. BT140GW02 V.9

5. BT140GW03

6. BT140W03

7. EJ070NA-01F

8. EJ080NA-04A

9. M170EGE-L20

10. M185B3 - LA1 C1

11. M185BGE-L10 (C1/C2)

12. M185BGE-L22

13. M185BGE - L23

14. M190CGE-L20

15. M20001-L02 (912)

16. M200FGE-L20

17. M200FGE-L20 C1

18. M200FGE - L23

19. M200O3 – LA1 C1

20. M200O3 – LA3

21. M215H3 – LA1 C1

22. M215HGE-L10 (C1/C2)

23. M215HGE-L21

24. M215HGE-L23

25. M215HGE-L23 (C1)

26. M230HGE-L20 (C1)

27. M236H1-L01

28. M236HGE-L10

29. M236HGE-L20

30. M236HGE-L20 V3.0

31. M270HGE-L10

32. M270HGE-L20

33. M270HGE-L20 (C1/C2)

34. M270HHF-L10 (3D 120HZ)

35. MT185GW01-V2 (1231)

36. MT190AW02-V4

37. N116BGE – L32

38. N116BGE-L41

39. N116BGE – L42

40. N116HSE-EA1

41. N116HSE-EJ1

42. N133BGE-L41

43. N133HSE-EA1

44. N140B6-L08

45. N140B6 - L24

46. N140BGE-L22

47. N140BGE - L42

48. N156B3-L0B (CCFL)/2ND

49. N156B6 - L0B

50. N156B6-L3D 3D

51. N156BGE - E21

52. N156BGE - L11

53. N156BGE-L21

54. N156BGE-L21 OMEGA

55. N156BGE-L41

56. N156BGE-L42

57. N173FGE - L21

58. N173FGE - L23

59. N173HGE-L11

60. N173HGE-L21

61. N173O6-L02 ZBD

62. N184H6-L02

63. NLED14WXGAGS

64. TPM185B1-B3LA

65. TPM215RW01-HGEL01

66. V200HJ2-LE2

67. V236H1-LE6

68. V500HJ1-LE2

69. V500HK1-LS5

附件 **B-7**

请求从群创光电南海厂区获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. AT070TNA2

2. AT070TNA2 VI

3. BT140GW01 V.9/F

4. BT140GW02 V.9

5. BT140GW03

6. BT140W03

7. EJ070NA-01F

8. EJ080NA-04A

9. M170EGE-L20

10. M185B3 - LA1 C1

11. M185BGE-L10 (C1/C2)

12. M185BGE-L22

13. M185BGE - L23

14. M190CGE-L20

15. M20001-L02 (912)

16. M200FGE-L20

17. M200FGE-L20 C1

18. M200FGE - L23

19. M200O3 - LA1 C1

20. M200O3 - LA3

21. M215H3 - LA1 C1

22. M215HGE-L10 (C1/C2)

23. M215HGE-L21

24. M215HGE-L23

25. M215HGE-L23 (C1)

26. M230HGE-L20 (C1)

27. M236H1-L01

28. M236HGE-L10

29. M236HGE-L20

30. M236HGE-L20 V3.0

31. M270HGE-L10

32. M270HGE-L20

33. M270HGE-L20 (C1/C2)

34. M270HHF-L10 (3D 120HZ)

35. MT185GW01-V2 (1231)

36. MT190AW02-V4

37. N116BGE - L32

38. N116BGE-L41

39. N116BGE - L42

40. N116HSE-EA1

41. N116HSE-EJ1

42. N133BGE-L41

43. N133HSE-EA1

44. N140B6-L08

45. N140B6 - L24

46. N140BGE-L22

47. N140BGE - L42

48. N156B3-L0B (CCFL)/2ND

49. N156B6 - L0B

50. N156B6-L3D 3D

51. N156BGE - E21

52. N156BGE - L11

53. N156BGE-L21

54. N156BGE-L21 OMEGA

55. N156BGE-L41

56. N156BGE-L42

57. N173FGE - L21

58. N173FGE - L23

59. N173HGE-L11

60. N173HGE-L21

61. N173O6-L02 ZBD

62. N184H6-L02

63. NLED14WXGAGS

64. TPM185B1-B3LA

65. TPM215RW01-HGEL01

66. V200HJ2-LE2

67. V236H1-LE6

68. V500HJ1-LE2

69. V500HK1-LS5

附件 B-8

请求从苏州乐轩科技有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. LC470EUH-SCR1

2. LM200WD3-TJA1

3. LM200WD3-TJAA

4. LM215WF4-TJA1

5. LM230WF5 TJA1

6. LM230WF5 TJAA

7. LM230WF5-TEA1

8. LM230WF5-TJA1

9. RB2LM200WD3 - TAP2 TJA1

10. RB2LM200WD3 - TBP2 TJAA

11. RB2LM230WF5-**TAB1**

12. RB2LM230WF5-**TAP2**

13. RB2LM230WF5-**TBP2**

14. RB2LM230WF5-**TEA1**

15. RB5LM230WFA - SNP1

16. RB5LM270WF6 - SNP3

附件 B-9

请求从捷星显示科技(福建)有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. BM200WD3 T2BB

2. BM200WD3 TJCA

3. BM230WF5 T2BB

4. BM230WF5 TJC3

5. LC370EUG(LD)(A6)

6. LM185WH2 T2AA

7. LM185WH2 T2BB

8. LM230WF5 TRA1

9. LM230WF5 TRA2

10. LM230WF5 TRC1

11. LM230WF5 TRC2

附件 **B-10**

**请求从南京瀚宇彩欣科技有限责任公司获取的技术说明文件**

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. HSD101PWW1-A00 REV2

2. HSD121PHW1-A03/HIMAX

3. HSD140PHW1-B00

4. HSD160PHW1-B00

5. HSD173PUW1-A00/REV1/ESD

附件 B-11

请求从瀚斯宝丽显示科技（南京）有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. HSD101PWW1-A00 REV2

2. HSD121PHW1-A03/HIMAX

3. HSD140PHW1-B00

4. HSD160PHW1-B00

5. HSD173PUW1-A00/REV1/ESD

附件 **B-12**

**请求从昆山龙腾光电有限公司获取的技术说明文件**

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

  1. M133NWN1 R1

  2. P116NWR1 R2

  3. P116NWR1 R6

  4. P140NWR1 R0 (OPENCELL)

  5. P140NWR1 R0/U47

附件 B-13

请求从深圳华映显示科技有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. CLAA133UA03 CW/000

2. CLAA133WA01A/I01

3. CLAA156WA07A 3D

4. CLAA156WA07A 3D/010

5. CLAA173UA01A V1 OMEGA

6. CLAB133UA02/MS

7. CLAB133WB01/3D(OPENCELL)

附件 B-14

请求从福建华映显示科技有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

   1.　CLAA133UA03 CW/000

   2.　CLAA133WA01A/101

   3.　CLAA156WA07A 3D

   4.　CLAA156WA07A 3D/010

   5.　CLAA173UA01A V1 OMEGA

   6.　CLAB133UA02/MS

   7.　CLAB133WB01/3D(OPENCELL)

附件 B-15

请求从福建华冠光电有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计:

1. CLAA133UA03 CW/000

2. CLAA133WA01A/101

3. CLAA156WA07A 3D

4. CLAA156WA07A 3D/010

5. CLAA173UA01A V1 OMEGA

6. CLAB133UA02/MS

7. CLAB133WB01/3D(OPENCELL)

附件 B-16

请求从华映视讯（吴江）有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些
文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. CLAA133UA03 CW/000

2. CLAA133WA01A/101

3. CLAA156WA07A 3D

4. CLAA156WA07A 3D/010

5. CLAA173UA01A V1 OMEGA

6. CLAB133UA02/MS

7. CLAB133WB01/3D(OPENCELL)

附件 B-17

请求从福州华映视讯有限公司及华映光电股份有限公司获取的技术说明文件

请提供以下特定的 LCD 面板（根据该单位的型号认定）的设计图/蓝图和设计文件，这些文件应详述这些 LCD 面板内的(i) 材料层的排列和机械间距以及(ii) 光管或导光管的设计：

1. CLAA133UA03 CW/000

2. CLAA133WA01A/101

3. CLAA156WA07A 3D

4. CLAA156WA07A 3D/010

5. CLAA173UA01A V1 OMEGA

6. CLAB133UA02/MS

7. CLAB133WB01/3D(OPENCELL)

附件 C

保护令

于美国特拉华州联邦地区法院

| | |
|---|---|
| 图形产权控股有限公司 | |
| 原告 | 民事案件编号：12-cv-209-LPS |
| 诉 | 请求陪审团参与审判 |
| 宏碁美国有限公司及<br>宏碁股份有限公司 | |
| 被告 | |
| 图形产权控股有限公司 | |
| 原告 | |
| 诉 | 民事案件编号： 12-cv-210-LPS |
| 华硕电脑国际有限公司 | 请求陪审团参与审判 |
| 被告 | |
| 图形产权控股有限公司 | |
| 原告 | 民事案件编号：12-cv-211-LPS |
| 诉 | 请求陪审团参与审判 |
| 松下北美公司及<br>松下电器产业公司 | |
| 被告 | |

| | |
|---|---|
| 图形产权控股有限公司<br><br>　　　　原告<br><br>　　诉<br><br>夏普电子股份有限公司及<br>夏普公司<br><br>　　　　被告 | 民事案件编号：12-cv-212-LPS<br><br>请求陪审团参与审判 |
| 图形产权控股有限公司<br><br>　　　　原告<br><br>　　诉<br><br>东芝美国信息系统有限公司及<br>东芝公司<br><br>　　　　被告 | 民事案件编号：12-cv-213-LPS<br><br>请求陪审团参与审判 |
| 图形产权控股有限公司<br><br>　　　　原告<br><br>　　诉<br><br>VIZIO 有限公司<br><br>　　　　被告 | 民事案件编号：12-cv-214-LPS<br><br>请求陪审团参与审判 |

（建议稿）约定性保护令

　　当事人，图形产权控股有限公司（下称"原告"或"GPH"）以及宏碁美国有限公司、

宏碁股份有限公司、华硕电脑国际有限公司、松下北美公司、松下电器产业公司、夏普电

子股份有限公司、夏普公司、

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日   第 3/30 页 页面 ID#：359

东芝美国信息系统有限公司、东芝公司和 VIZIO 有限公司（以下统称"被告"）明白由当事人在任何题述诉讼中寻求、提交的和/或出示的或由第三方提交的信息和材料可能含有保密、专有和/或隐私信息，需保证给予特别的保护以防止该等被公开和被用于起诉以外的目的。

为了加快发现材料的传递、使有关发现材料的保密性争议能够快速解决、充分保护当事人对其信息享有的保密性、确保只有具有该等保密性的材料得到保密处理、以及确保当事人可在准备和进行审判时对这些材料进行合理的必要使用，当事人特此约定下述保护令，根据联邦民事诉讼规则第 26（c）条，特此命令如下：

1.  目的和限制

    1.1    本保护令是为了保护可能会任何题述诉讼程序中提交或披露的保密、专有和/或隐私信息，针对该等信息给予特别保护并防止向公众披露。当事人明白本命令并非对所有披露或发现答复授予保护，其所提供的保护仅限于根据适用法律原则可享有保密待遇的有限信息或物品。

    1.2    对于本诉讼被告中任一方根据本保护令的条款向原告提供受保护的材料，在未得到进一步的法院命令或提交材料的被告或其律师的明确许可以前，原告不得将该材料分享予本诉讼的其它被告。

案件 1: 12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日  第 4/30 页 页面 ID#: 360

本保护令并未向任何一位被告授予任何在未获举证方同意的情况下接触任何其它被告提交的受保护材料的权利。

2.　　定义

2.1　　"受保护令保护的保密信息"或"保密信息"之信息或物品：指定方的保密信息或有形物品（不论其产生、存放或保存方式）（i）一般不会向第三方透露或已向他人承诺要保密的、（ii）善意的认为极其敏感的或（iii）根据联邦或州法律受隐私权或其它与保密或隐私相关的适用特权或权利保护的信息。

2.2　　"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾问查看"之信息或物品：被举证方视为高度商业机密保存的专有财务、技术或商业上敏感的竞争信息的保密信息，包括根据现行保密协议（"技术或商业"）从非当事人获取的信息、与尚未发布的未来产品相关的信息、战略计划、代码、透露商业秘密的技术文件、以及和解协议或和解通信，这些信息的公开很可能对举证方和/或作为该等信息来源的非当事人的竞争地位造成损害。

2.3　　法律顾问（无执业资格要求）：外部法律顾问或内部法律顾问及其所有协助人员。

2.4　指定方：在其提供或披露的发现材料中提交的信息或物品指定为"受保护令保护的保密信息"、"保密信息"、"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾问查看"的当事人或非当事人。

2.5　披露或发现材料：由当事人或非当事人在任何题述诉讼程序中提交、产生或以其它方式提供的所有物品或信息（包括但不限于证词、笔录抄本或有形物品），不论其产生、存放或保存的介质或方法。

2.6　专家：由当事人或其法律顾问聘请在任何题述诉讼程序中作为专家证人或咨询顾问的人士，但不包括当事人或当事人之竞争者的过去或现任的管理人员、董事或雇员，亦不包括在被聘任期间成为当事人或当事人之竞争者的过去或现任的管理人员、董事或雇员。专家的定义延伸至上述人士的工程、技术、会计、财务或其他方面的协助人员。本保护令的任何内容均无更改《美国联邦证据规则》第 703 条提供证词要求的意图，亦无意为了除本保护令所确定的目的以外对"专家"一词作出定义。

2.7　内部法律顾问：身为当事人的雇员的律师，或者身为当事人的独立缔约人并独家为该当事人提供法律意见的律师。对于位于美国境外的当事人，内部法律顾问包括提供相关法律意见并协助准备诉讼审理的当事人之雇员。

2.8　外部法律顾问：并非当事人的雇员但被当事人聘请在任何题述诉讼程序中为其代理或提供意见，并在该诉讼程序中代表该当事人出庭或代表该当事人出庭的律师事务所的关联律师，包括该律师雇用的支援人员，例如

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日　第 6/30 页 页面 ID#：362

法务助理、法律翻译、法务秘书、法务办事员和速记员，被聘请进行该诉讼相关翻译的独立法律翻译，或被聘请记录和转录该诉讼相关证词的独立速记员。

2.9　当事人：题述诉讼程序的所有当事人，包括其所有管理人员、董事、雇员、咨询顾问、受聘专家及其所有协助人员。不论其公司关联，题述诉讼程序的每个当事人均是独立的当事人（及其推及身份，例如举证方，接收方等）。

2.10　举证方：在题述诉讼程序中公布或提交披露或发现材料的当事人或非当事人。

2.11　专业供应商：提供诉讼支持服务（例如：复印；录像；翻译；电子存储信息（ESI）咨询或文件管理；证物展示或演示准备；文件管理；陪审团咨询；模拟审判协调、翻译）的人士或单位及其雇员和分包商（但不包括模拟陪审员）。

2.12　受保护材料：根据本保护令的规定被指定为"受保护令保护的保密信息"、"保密信息"、"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾问查看"的任何披露或发现材料。

2.13　接收方：在题述诉讼程序中从举证方接收披露或发现材料的当事人。

2.14   源代码：构成软件、韧体或电子硬件的描述和/或指令的人类可读编程语言文本。源代码包括但不限于计算机代码、脚本、汇编、源代码列表和源代码描述、公式、工程说明书或者定义，或以其他方式详细描述软件公式或结构的示意图。源代码文件包括但不限于含有以 C、C++、Java、Java 脚本语言、汇编语言、命令语言、外壳语言、VHDL、Verilog 和数字信号处理器（"DSP"）编程语言构成的源代码文档，以及直接在微处理器、微控制器或数字信号处理器上执行的软件时使用的源代码时产生和/或构建的文档、.include 文件、make 文件、关联文件和其它人类可读文本文件。源代码还包括源代码文件，源代码文件为含有源代码的文字档文件。源代码不包括二进制可执行文件、目标代码文件，也不包括编译器和链接器等工具。[1]

## 3.   范围

3.1   本保护令授予的保护不仅仅涵盖受保护材料（根据上文定义），还包括从受保护材料复制或摘录的任何信息及其副本、摘录、总结或编译，以及当事人或法律顾问在法院或其它场合作出的可能透露受保护材料的证词、对话或陈述。但是，本约定和命令授予的保护不会涵盖以下信息：（a）在向接收方披露时已处于公知领域的或者向接收方披露后在未违反本保护令的情况下被公布而进入公知领域（包括由于审理或其它原因成为公共记录

---

[1] 当事人同意二进制可执行文件和目标代码文件无需提交，但对提交的二进制可执行文件和目标代码文件，它们也应当获得与本节所所定义的其他源代码相同的保护。

的--部分）的任何信息；以及（b）接收方能够证明接收方在披露前已知悉的、或者由接收方在披露后无需对指定方承担保密义务以合法信息来源获得、或是由接收方不曾接触受保护材料的员工独立开发的任何信息。在审理中使用受保护材料应透过另立的协议或命令规范。

4.　　　**期限**

　　　　4.1　　即使在任何题述诉讼程序终结后，本保护令所规定的保密责任仍然有效，直至指定方同意终止或法院命令终止保密责任。

　　　　4.2　　本保护令对当事人及其律师、后继者、执行者、个人代表、管理人、继承人、法定代理人、受让人、子公司、分公司、雇员、代理人、独立缔约人、专家、咨询顾问以及受当事人控制的所有其他人士或组织均具有约束力。

5.　　　**指定受保护材料**

　　　　5.1　　**指定方式和时间安排**：除非本保护令另有安排或另行规定或命令，合符根据本保护令获得保护资格的材料必须在该材料披露或提交之时或以前被指定。符合本保护令的指定方式如下：

(a)  <u>文档信息（包括"电子存储信息"）</u>（除了证词或其它预审或审理程序的笔录抄本）指定方应当在含有受保护材料的每一页上显著地贴上"受保护令保护的保密信息"、"保密信息"、"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾问查看"等文字说明。

当事人或非当事人提供原件或原始材料供审查时无需指定保护，直至审查方表达其复印或提取其中某些材料的意愿。在审查前和审查时，所有供审查的材料都应被视为"仅供外部法律顾问查看的保密信息"。在审查方确认其需要复制和提取的文档的意愿后，举证方必须决定哪些文档或文档的哪些部分具有在本保护令受保护的资格，在提交特定的文档前，举证方必须在含有受保护材料的每一页上贴上适当的文字说明。

(b)  <u>在证词录取中提供的证词</u>：指定方应当在收到证词录取的最终抄本后 20 个工作天内详述要求指定的证词部分。对于证词的笔录抄本，当事人或非当事人可以确认整份抄本为"受保护令保护的保密信息"、"保密信息"、"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾问查看"，但是针如没有要求指定任何录取证词的内容，该等内容仍该被视为"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾

问查看"的内容，直至上述的指定期限过去。在录取证词时所使用的任何受保护材料应当遵守本保护令的规定，该规定同时适用于这些受保护材料的抄本。根据上述情况，法院书记员应被告知本保护令，且被要求采取与本保护令一致的行动。如果证词录取是以录像方式进行的，录像带的原件和所有副本都应由录像技术员标明为受本保护令保护的内容，例如使用以下措辞"本录像带含有用于本案的保密的或仅供外部法律顾问查看的保密证词，除非符合本案现行保护令的条款或当事人以书面约定，否则不得观看、播放或透露其内容"。任何指定方的法律顾问应当有权根据受保护材料的指定要求除宣誓证人外的宣誓证人之法律顾问、书记员和录像技术员（如有）、以及未根据本保护令获得授权接收或接触受保护材料的任何人士回避口头证词的录取。这样的回避权只对含有受保护材料的审查或证词中适用。

   (c) <u>以文档以外形式提交的信息以及任何其它有形物品</u>：指定方应当在存储信息或物品的介质或容器外部的显著位置贴上适当的文字说明。

  5.2 <u>意外导致未能作出适当指定</u>：仅因意外导致未能作出适当指定并不代表指定方自动放弃根据本保护令指定保护这些材料的资格。一旦发现因意外导致未能适当指定的情况，

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 11/30 页 页面 ID#：367

举证方应以书面通知接收方该材料将被指定保护。在收到该通知后，接收方必须尽合理的努力来确保以此后根据本保护令的规定处理该等材料。指定方应当提供附有保密指定的文档替换副本。一旦收到替换副本，接收方应根据指定方的指示归还或销毁所有未适当指定的材料。

6.    **对保密指定提出质疑**

6.1    提出质疑的时间：当事人在原先指定提出后未有选择立即质疑并不会导致放弃其质疑该指定的保密性的权利。

6.2    会面和协商：对指定方的保密指定提出质疑的当事人（"质疑方"）必须是出于善意并且必须通过以书面形式表明其认为应当另行指定的文档或信息，及其认为该保密指定不妥的基础以开始该质疑程序。指定方则应当在收到该等书面通知后七（7）个日历天内以书面形式向质疑方解释其指定的基础或重新指定。在此后七（7）个日历天内，当事人应当会面并善意地直接协商解决该问题。

6.3    司法介入：在当事人会面并协商后的七（7）天内，对保密性进行质疑的当事人可以在考虑指定方提供的解释后（如上一节所述），寻求法院协助并根据该法院发现争议程序来解决有关争议。质疑方有责任对其建议的保密性指定提供合理理由。

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 12/30 页 页面 ID#：368

7.    受保护材料的接触和使用

    7.1    基本原则：接收方只可在与任何题述诉讼程序的起诉、答辩或尝试和解本案的情况下使用另一当事人或非当事人披露或提交的受保护材料。该等受保护材料仅可以在本保护令允许的情况下向本保护令规定的人士披露。当该诉讼程序终结后，接收方必须遵守下文第 10 节（最终处置）的规定。

    受保护材料必须由接收方以特定方式存放并保存在特定地点，所述特定方式和地点应当能够确保仅限本保护令授权的人士接触受保护文件。

    7.2    "受保护令保护的保密信息"之信息或物品的披露：除非本院另行命令或得到指定方书面允许，接收方仅可以将被指定为"受保护令保护的保密信息"的任何信息或物品披露予：

        (a)    在任何题述诉讼程序中已登记的接收方的外部法律顾问，以及所述外部法律顾问的雇员或独立缔约人（除了下文规定向专家披露的安排），该披露对于其进行任何题述诉讼程序具有合理的必要性（通过签署本保护令，外部法律顾问确认其代表外部法律顾问所有雇员或独立缔约人遵守本保护令的条款和条件的责任，并且会向所有会接触本保护令所述信息的雇员适当地透露这些条款和条件）；

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 13/30 页 页面 ID#：369

      （b）    接收方最多五名内部法律顾问，该披露对于他们进行任何题述诉讼程序具有合理的必要性，而且他们已经签署了《接受约定性保护令约束的确认书和同意书》（见本文件附件 A）并且在接收受保护材料前将签署的副本提供给所有当事人；

      （c）    接收方的专家（根据上文第 2.6 节的定义），如该披露对于他们进行任何题述诉讼程序具有合理的必要性，而且他们已经签署了《接受约定性保护令约束的确认书和同意书》（见本文件附件 A），并且在接受下文第 7.4 节的要求下不存在对该等披露有任何未表决的反对意见。如未获提交所述受保护材料的被告在先以书面明确同意，被告所聘请的任何专家或咨询顾问都不得接触另一被告在本案中所提交的"受保护令保护的保密信息"、"保密信息"、"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾问查看"材料。

      （d）    法院及其工作人员；

      （e）    任何被委任听取本案或由当事人选定的并且已经签署了《接受约定性保护令约束的确认书和同意书》（见本文件附件 A）的指定仲裁员或调解员及其工作人员；

      （f）    为了任何题述诉讼程序而雇请的法院书记员和录像技术员；

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 14/30 页 页面 ID#：370

    (g)    对于进行任何题述诉讼程序有合理披露必要的专业供应商；

    (h)    受保护材料书面上的作者、受信人或收件人或事先已了解受保护材料内容的人士；

    (i)    在证词录取和/或审理中，提交文档或信息的举证方的现任雇员；及

    (j)    得到举证方事先以书面同意的任何其他人士。

   7.3    **"仅供外部法律顾问查看的保密信息"之信息和物品的披露**：除非本院另行命令或经指定方以书面允许，接收方仅可以将被指定为"仅供外部法律顾问查看的保密信息"的任何信息或物品披露给符合第 7.2（a）、（c）、（d）、（e）、（f）、（g）、（h）、（i）和（j）款描述的人士。

   7.4    **向专家披露受保护材料的审批程序**：

    (a)    寻求向专家披露任何受保护材料的当事人首先必须以书面形式（包括电子邮件）将其披露的意图通知指定方。该通知应当包括一份该专家当前的简历并且必须确认：

       (i) 该专家的全名以及其主要居住地的州名和城市名；

       (ii) 该专家现时的雇主；

       (iii) 与当事人过去或现在有任何合约关系（包括根据寻求披露的当事人所知，与其相关公司单位过去或现在有任何合约关系）。

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 15/30 页 页面 ID#：371

寻求向专家披露已被指定为受保护材料的任何信息或物品的当事人无需向指定方指明将披露的信息或物品。

(b)　除非在指定方收到该通知的十（10）个日历天内收到来自指定方的针对该披露的书面（包括电子邮件）反对意见提供上一节所述通知的当事人，可以向确认的专家披露该受保护材料。任何反对意见都必须详细列明反对的理由。

(c)　及时收到上一节所述书面反对意见的当事人必须在反对意见收到后三（3）个工作天内与指定方会面并协商以达成一致意见来解决该问题。只有在会面和协商后无法达成一致意见的情况下，指定方才可以在会面和协商后（3）个工作天内寻求法院协助。如未在该时间内向法院寻求缓解，该反对意见应被视为撤回。如果寻求了缓解，被指定材料则不应向未得到确认专家的披露，直至法院解决该反对意见。在任何该等程序中，指定方应当承担证明（在采取了建议的保护措施情况下）该披露将使之蒙受损害的风险超过了接收方将受保护材料披露给其指定专家的需要。

8.　　**提交受保护材料**

8.1　所有受保护材料都必须根据《美国特拉华州联邦地区法院关于以电子方式提交和送达的行政程序修订》以密封文件提交。

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 16/30 页 页面 ID#：372

9. <u>在法院庭审或程序中使用受保护材料</u>

　　9.1 　在任何法院庭审或程序中使用受保护材料应当在法院指导下进行。在任何法院庭审或程序中使用被指定的受保护材料时，提供受保护材料的当事人或受保护材料的举证方可以请求法院不公开审理，但是是否如此进行审理由主持庭审或程序的法官决定。

10. <u>最终处置</u>

　　10.1 　除非另有命令或经举证方书面同意，在任何题述诉讼程序（包括所有上诉）终结后的三十（30）天内，各接收方必须根据举证方的要求销毁或归还所有其在此诉讼程序中收到的受保护材料。在本节中，"所有受保护材料"包括任何受保护材料的所有副本、摘要、汇编、总结或对其以任何其它形式的复制或撷取。接收方必须在上述的 30 天的期限内向举证方（如果与指定方不是同一人或单位，则向指定方）提供书面证明。

　　10.2 　不论上文的规定，法律顾问有权保留一份答辩、动议文件、笔录抄本、法律备忘录、通信或律师工作成果的副本作存档，即使这些材料含有受保护材料。任何该等含有或构成受保护材料的存档副本都应受到本保护令上文第 4 节的规定所保护。另外，不论上文的规定，法律顾问有权保留储存于备份磁带或其它介质用于灾难恢复的任何副本，但在没有通知举证方前不能接触该等副本。

**11. 在其它诉讼中被传唤或命令提交的受保护材料**

11.1 如果接收方在另一诉讼程序中收到将强制披露任何受保护材料的传票或命令，该接收方必须于七（7）个工作天内以书面形式通知指定方，使指定方有机会对披露受保护材料的命令提交反对意见。该等通知必须包含有关传票或法院命令的副本。

11.2 接收方还必须于七（7）个工作天内以书面形式通知在上述另一诉讼程序引起发出传票或命令发出的当事人，该传票或命令所涵盖的部分或所有材料受本保护令保护。

11.3 施加该责任的目的是为了给予任何题述诉讼程序的指定方有机会在签发上述传票命令的法院保护其保密利益。所述指定方在另一法院寻求保护其保密材料需要负担举证责任及开支。

11.4 本节的规定并不构成授权或鼓励接收方在任何题述诉讼程序中违反另一法院的指令。

**12. 未经授权披露受保护材料**

12.1 如果接收方得知，由于意外或其它原因，其向未获本保护令授权的任何人士或在任何未经本保护令授权的情况下披露了受保护材料，该接收方必须立即：（a）以书面形式通知指定方该未经授权的披露；（b）尽可能收回上述受保护材料的所有副本；（c）将本保护令的所有条款告知被披露的未

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 18/30 页 页面 ID#：374

经授权人士；以及（d）要求该等人士签署《接受约定性保护令约束的确认书和同意书》

（见本文件附件 A）。

13.　　其他规定

　　　13.1　　进一步缓解的权利：本保护令的任何内容都不会削减任何人士为披露或发现材料寻求进一步或额外保护，以及将来在本法院寻求修订本保护令的权利。

　　　13.2　　主张其它反对意见的权利：通过约定本保护令的条目，任何当事人并不代表其放弃其在本保护令中未提及的任何反对披露或提交任何信息或物品权利的理由。同样地，任何当事人亦未有放弃以任何理由反对将本保护令所涵盖的任何材料作为证据使用的权利。

　　　13.3　　不限制为客户提供意见：只要对受保护信息的披露没有违反本保护令，本保护令的任何内容都不应被解释为阻止法律顾问就任何题述诉讼程序各自为其客户提供意见，即使法律顾问必须依赖受保护信息以提供意见。

　　　13.4　　对专家发现的限制：在没有充分理由的情况下，根据《美国联邦民事诉讼规则》第 26(b)(4)条的规定，对向专家提供的发现材料仅限于该专家因制作在题述诉讼程序中的最终报告、在审理或证词录取中提供的证词或任何意见而需要依赖的材料、事实、咨询专家意见和其它事项。专家报告初稿（包括笔记和提纲）以及专家（根据上文第 2.6 节定

案件1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 19/30 页 页面 ID#：375

义）与当事人和/或当事人法律顾问之间的通信免于发现。不得对任何咨询专家寻求发现，除非该咨询专家提供的信息、意见或其它材料被作证专家用于制作其在题述诉讼程序中的最终报告、在审理或证词录取中提供的证词或任何意见。根据本节规定免于发现的报告和材料应当被视为用于任何题述诉讼程序和本保护令的律师工作成果。由法律顾问聘请的任何作证或咨询专家（或专家助理）与聘任方雇员、咨询师、内部或外部法律顾问之间的谈话或通信，如在本案起诉日之后发生的，都不受发现程序影响，除非该谈话或通信被作证专家用于制作其在题述诉讼程序中的最终报告、在审理或证词录取中提供的证词或任何意见。

13.5　当事人使用其受保护材料：本保护令的任何内容都不会限制任何当事人使用其文档和信息，也不妨碍任何当事人将其受保护信息或材料或其它文档向任何人披露。只要该等披露经过合理计算能保证信息的保密性，就不会被根据本保护令的条款作出的指定所影响。

**14.　因意外提交的享有豁免权的文件豁免**

14.1　如果任何当事人因意外提交了其认为根据律师-客户豁免、工作成果豁免或其它适用的特权或豁免而应免于被披露的任何披露或发现材料信息（"豁免材料"），该举证方可以以书面形式通知接收方这些豁免材料是被豁免的并请求归还这些豁免材料。一旦收到该等书面通知，该接收方应当在两（2）个工作天内集齐接其知悉的该等豁免材料的原件和所有副本，并且立即将所

述原件和所有该等副本归还给举证方，但是接收方可以保留一份副本，仅用于针对该文档的保护权有争议时向法院提供。如果举证方发现豁免工作成果或以其他方式保护的披露和发现材料由于接收方在证词录取或庭审中使用该等信息而被不经意公开，举证方可以口头请求接收方立刻归还这些信息，并立刻停止针对该豁免材料的审查和议论。一旦收到该等口头请求，接收方应当（a）在两（2）个工作天内将披露和发现材料信息及所有副本归还给举证方（上文所述的一份副本除外），以及（b）立即停止对该豁免材料的审查和议论。接收方向举证方归还该等披露和发现材料的行为不应排除其以后因适用的豁免原因失效请求法院对促使已归还的披露和发现材料强制提交。但是，在任何题述诉讼程序中不经意提交的豁免材料或以其它方式保护的披露或发现材料不应被视为（而当事人亦特此明确放弃对此问题作出争论的权利）构成放弃与所述披露或发现材料信息绑定的任何特权或保护。

当事人或非当事人提供原件或原始材料供审查的行为并不会仅仅因为该等材料被意外提及而构成放弃律师-客户豁免、工作成果豁免或任何其它适用特权或豁免。

14.2　使用关键词查询来筛选和防止提交豁免、工作成果、受保护或根据任何其它适用特权或豁免免于发现程序的文档构成《美国联邦证据规则》第 502（b）条所规定的"防止披露的合理步骤"。

**15.　源代码和软件代码**

15.1　举证方可以将文档、信息或物品指定为"保密源代码-仅供外部法律顾问查看"，以表明发现材料构成或含有非公开源代码。

15.2　只有得到授权接收"仅供外部法律顾问查看的保密信息"（根据第 7.3 节之定义）并且符合第 17 节"专利申请禁令"规定的人士可以访问标记为"保密源代码-仅供外部法律顾问查看"的信息。在任何情况下，没有得到举证方书面同意的接收方内部法律顾问不可以访问"保密源代码-仅供外部法律顾问查看"的信息。

15.3　被指定为"保密源代码-仅供外部法律顾问查看"的源代码应照 以下限制提供予接收方：

　　　　(a)　　仅可以在举证方法律顾问办公室所内的安全地点或双方协商一致的安全托管机构在两台"独立"计算机（即没有接入任何网络、内网、互联网或周边装置的计算机，所述独立计算机可以连接至打印机除外）上访问举证方的源代码。举证方和接收方同意以善意努力选择对当事人律师和专家审阅者都方便的地点。举证方可以单独决定在其法律顾问办公室或在安全托管机构提供源代码。

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 22/30 页 页面 ID#：378

如果任何一个当事人请求在安全托管机构提供源代码，并且举证方同意在该等机构提供，那么提出托管请求的当事人应当支付所有托管机构的费用。在独立计算机所在的房间内不得带入任何外部电子设备，包括但不限于笔记本电脑、USB 闪存驱动器、压缩驱动器、手机、便携打印机或带有拍照功能的设备。

   (b) 源代码应当根据本节在发出 48 小时通知后于正常工作时间（当地时间周一至周五上午 9：00 至下午 6：00，法定假日除外）提供。通知必须在正常工作时间内发出（根据上文定义）并且须基于该通知上提供的时间安排，查询源代码的时间不得改动。如接收方至少在三（3）个工作天前发来的合理通知，举证方应当作出合理的努力来配合接收方在正常工作时间以外的时间要求访问所述安全地点的请求。该等延长的审查时间可以包括周六，但不应早于当地时间任何一天的上午 8：00 开始，也不应晚于当地时间任何一天下午 8：00 之前结束。

   (c) 所有代表接收方要求访问"保密源代码-仅供外部法律顾问查看"信息的人士应当在其第一次审查源代码或访问"保密源代码-仅供外部法律顾问查看"的信息前至少七（7）个工作天前向举证方确认。该身份确认步骤为本保护令第 7 节披露要求之额外要求。

   (d) 举证方必须以计算机可查询格式提交代码，除非当事人协商一致或法院签发命令，不必提交可执行的源代码。举证方提供的上述独

立计算机应当运行双方同意的比较更新版本的操作系统，例如苹果 OS X、微软视窗或 Linux。源代码文件必须以与其在正常商业流程中相同的存储方式提交。另外，每台独立计算机都应载有双方同意在市场上可获得的源代码审查工具作为分析该代码的工具，例如微软 Visual Studio，。另外，如第（h）节所规定的，也可以使用接收方提供的其它工具。在任何情况下，接收方都不得将源代码编译成可执行代码。

　　　　　（e）　举证方可以要求所有寻求访问"保密源代码-仅供外部法律顾问查看"的信息的人士在访问独立计算机前提供合适的身份证明，并且在该等人士每次访问独立计算机时，举证方可以要求该人士填写源代码审查记录以确定：（1）该人士的姓名；（2）访问开始日期和时间；（3）访问结束日期和时间。

　　　　　（f）　举证方必须允许接收方在检查时以纸张打印源代码并带走完成检查，但是如果当事人没有事先达成协议，不得打印超过连续五十（50）页或整个源代码的百分之十。在带走这些打印件之前，必须经过举证方鉴定。接收所述源代码打印件的当事人在任何时候必须将该源代码存放在安全容器或地点。源代码打印件本身不得被复制，而且除非在安全私密地点，否则不得从安全容器中取出。不论上文的规定，在本保护令的限制之下，法律顾问可以源代码打印件

的副本于诉讼程序、专家报告或证词录取中展示。另外，当事人还可以交换（专人送递）源代码的打印件的副本于诉讼程序、专家报告或证词录取中展示。这些额外的副本应当被视为原件对待。除非有合理必要于证词录取或演示中展示、在专家报告中展示、在向法院展示或作为审理的证据，接收方不得对这些打印件制成任何电子或其它图片版本，也不得将打印件所包含的信息转换成任何电子格式。举证方可以质疑接收方打印源代码的数量，但是，如果举证方对于打印源代码的数量没有异议，举证方应当在五（5）个工作天内向接收方确认对源代码打印件数量无异议。如有异议，则当事人将在该异议提交后五（5）个工作天内会面并协商。如果当事人无法解决该异议，则举证方可以向法院提交异议。如果举证方在上述会面和协商后五（5）个工作天内未寻求法院解决，将构成放弃该特定异议权，被异议源代码应当在寻求法院解决的期限届满后两（2）个工作天内提交。

(g)　源代码打印件在打印时必须包括贝茨编号和保密标签，并且必须在接收方打印后七（7）天内向举证方提交。接收方必须保留以贝茨编号编码的打印页的完整记录，并且必须在其第一份专家报告发出时不论本保护令规定关于专家发现的限制一并提交该记录。在每一份新的专家报告发出时或案件审理后时 10 天内，该记录必须再次补交。出

于安全考虑，不论任何其它限制专家发现的约定或命令，必须向举证方提交该记录的副本。

       (h)    每台独立计算机应当根据接收方的请求包括适用于该类型源代码的合理分析工具。接收方可以向举证方提供其希望使用的工具让举证方将该工具安装在所述独立计算机上。接收方必须在其希望可在独立计算机上使用该补充软件工具至少五（5）个工作天前，向举证方提供含有该获授权软件工具的 CD 或 DVD 光盘。接收方可以在所述独立计算机上创建源代码的备份副本。接收方可以使用检索工具对源代码备份副本进行批注、标注行数以及对页面进行贝茨编号。源代码的备份副本将存放在该独立计算机上，并受本保护令关于源代码的规定的保护。

       (i)    在开始审理前一周直至审理结束为止，访问可以电脑读取的源代码版本必须按照本节规定的条件、限制和约束在特拉华州威尔明顿市内进行。

    15.4    举证方可以在合理的时段亲自监视接收方在任何源代码审查期间的活动，但其目的只限于为了保证源代码不会在未经授权的情况下被录制、复制或发送，而不是试图查看工作成果。举证方不得在独立计算机上安装任何按键记录器或其它监视软件。

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 26/30 页 页面 ID#：382

15.5　任何由接收方制作反映"保密源代码-仅供外部法律顾问查看"信息的手写笔记或其它工作成果应当被标记为"保密源代码-仅供外部法律顾问查看"并且也应被视作本保护令所定义的"源代码"对待。

15.6　如果接收方认为需要以可执行格式提交特定源代码文件来证明其诉讼请求中的一项或多项的要素，当事人应当会面并协商。

15.7　本保护令的任何内容都不是为了强制任何当事人提交任何源代码，本保护令也不应被视为对任何特定源代码的可发现性的许可。本保护令的任何内容都不应视为当事人放弃其对提交源代码提出异议的权利。当事人进一步声明源代码的部分或全部可能归非当事人所有，并非由当事人所有、监管或控制。本保护令的任何内容都不应视作任何非当事人放弃其对提交源代码或提交方式作出异议的权利。

15.8　举证方可以自行决定选择放弃第 15 节任何或所有默认要求以方便行事。如无书面协议，任何对第 15 条任何要求的放弃都不应被阐释为进一步放弃本保护令规定的任何要求。

16.　　**非当事人使用本保护令**

16.1　主动或根据传票或法院命令提交信息或材料的非当事人可以根据本保护令以与任何题述诉讼程序的任何当事人相同的方式指定该材料或信息并获得相同级别的保护。

**17.    专利申请禁令**

17.1    接收无论是文档形式、信息证词形式还是物品形式的任何被指定为"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾问查看"的技术材料的原告个别成员或代表，自收到"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾问查看"材料起直至题述所有与接收人相关联的诉讼程序及其所有上诉都彻底解决后一年内，都不得管理或参与起草、提交或办理涉及 LCD 相关技术的专利申请。

**18.    其它程序**

18.1    其它程序：通过达成本保护令并在本案中限制信息披露，本院并非希望限制其他法院确认及披露可能与另一案件相关发现信息。如受限于本保护令的任何人士或当事人在另一动议被要求披露另一当事人根据本保护令被指定为"受保护令保护的保密信息"、"保密信息"、"仅供外部法律顾问查看的保密信息"或"仅供外部法律顾问查看"的信息的，应当立即通知该当事人有关动议，从而使该当事人有机会出庭并陈述该信息应否被披露。

***以下为签字页***

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 28/30 页 页面 ID#：384

**通过已登记的法律顾问进行上述约定**

/s/ Brian E. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
Farnan 律师事务所
美国特拉华州威尔明顿市北市场街 919 号
12 楼
邮编：19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*原告图形产权控股有限公司之律师*

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Elizabeth R. He (#5345)
Richards, Layton & Finger 律师事务所
美国特拉华州威尔明顿市北国王街 920 号
罗德尼广场一号
邮编：19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
he@rlf.com

*被告夏普电子股份有限公司及夏普公司之
律师*

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
美国特拉华州威尔明顿市北市场街 1313
号赫拉克勒斯大厦 6 楼
邮编：19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*被告宏碁美国有限公司及宏碁股份有限公
司之律师*

/s/ John G. Day
John G. Day (#2403)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
ASHBY & GEDDES 律师事务所
美国特拉华州威尔明顿市特拉华大街 500
号 8 楼第 1150 号邮箱
邮编：19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*被告华硕电脑国际有限公司之律师*

/s/ John G. Day
John G. Day (#2403)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
ASHBY & GEDDES 律师事务所
美国特拉华州威尔明顿市特拉华大街 500
号 8 楼第 1150 号邮箱
邮编：19899
(302)654-1888

/s/ Benjamin J. Schladweiler
Collins J. Seitz, Jr. (#2237)
Benjamin J. Schladweiler (#4601)
SEITZ ROSS ARONSTAM & MORITZ 律师
事务所
美国特拉华州威尔明顿市西街南 100 号 400
室
邮编：19801
(302) 576-1601

jday@ashby-geddes.com
lmaguire@ ashby-geddes.com
amayo@ ashby-geddes.com

*被告松下北美公司及松下电器产业公司之
律师*

cseitz@seitzross.com
bschladweiler@seitzross.com

*被告东芝美国信息系统有限公司及东芝公
司之律师*

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 29/30 页 页面 ID#：385

*/s/ Pilar G. Kraman*
Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
YOUNG CONA WAY STARGATT &
TAYLOR 律师事务所
美国特拉华州威尔明顿市北国王街
1000 号罗德尼广场
邮编：19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*被告 Vizio 有限公司之律师*

根据约定，于 **2012 年**\_\_\_\_**月**\_\_\_\_**日签发上述保护令。**

LEONARD P. STARK 阁下，美国特拉华州联邦地区法院

案件 1：12-cv-00209-LPS 文件 34 提交于 12 年 11 月 30 日 第 30/30 页 页面 ID#：386

附件 A

接受约定性保护令约束的确认书和同意书

　　本人，_____[打印或输入全名]，位于_____[打印或输入完整地址]，根据伪证受罚原则声明，本人已经阅读由美国特拉华州联邦地区法院签发的约定性保护令的全文，并且理解该约定性保护令，该保护令涉及以下案件：图形产权控股有限公司诉宏基美国有限公司及宏基股份有限公司，民事案件编号：12-cv-209-LPS；图形产权控股有限公司诉华硕电脑国际有限公司，民事案件编号：12-cv-210-LPS；图形产权控股有限公司诉松下北美公司及松下电器产业公司，民事案件编号：12-cv-211-LPS；图形产权控股有限公司诉夏普电子股份有限公司及夏普公司，民事案件编号：12-cv-212-LPS；图形产权控股有限公司诉东芝美国信息系统有限公司及东芝公司，民事案件编号：12-cv-213-LPS；图形产权控股有限公司诉 VIZIO 有限公司，民事案件编号：12-cv-214-LPS。本人同意遵守本约定性保护令的所有条款，并接受其约束，并且理解和明白未能遵守该等条款将导致本人由于藐视法庭而面临制裁和处罚。本人仅此保证，除非在严格遵守本保护令规定的情况之下，本人将不会以任何方式向任何人士和单位透露受本保护令保护的任何信息或物品。

　　本人进一步同意就实施该约定性保护令的条款，接受美国特拉华州联邦地区法院的约束。


打印姓名：

当前职业描述：

公司或事务所名称：

地址：


日期：　　　　　　　　　　　　　　签字：