## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRAPHIC PROPERTIES HOLDINGS, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : |
| | :     C.A. No. 12-213-LPS |
| | : |
| TOSHIBA AMERICA INFORMATION, | : |
| SYSTEMS, INC., and TOSHIBA | : |
| CORPORATION | : |
| | : |
| Defendants. | : |

### MEMORANDUM ORDER

Presently before the Court is Defendants Toshiba Corporation and Toshiba America Information Systems, Inc.'s (collectively, "Toshiba") motion to stay proceedings regarding U.S. Patent No. 6,650,327 ("the '327 Patent") and U.S. Patent No. 8,144,158 ("the '158 Patent")[1] until completion of an investigation at the United States International Trade Commission ("Commission" or "ITC"). (D.I. 67) Plaintiff Graphic Properties Holdings, Inc. ("GPH") has also filed a lawsuit alleging infringement of the '158 Patent and the '327 Patent against Defendant VIZIO, Inc. ("VIZIO"). (C.A. No. 12-214-LPS D.I. 6) GPH is asserting the '158 and '327 Patents against Toshiba and VIZIO in both the present litigation as well as ITC Investigation No. 337-TA-884 ("the ITC Action"). (D.I. 68 at 1) Finally, GPH has filed a lawsuit against ASUS Computer International, Inc. ("ASUS") in this Court alleging infringement of the '158 Patent but not the '327 Patent. (C.A. No. 12-210-LPS D.I. 8) Nearly all aspects of the Toshiba proceedings in this case have been consolidated with the VIZIO and ASUS actions.

---

[1] The '158 Patent is a continuation of the '327 Patent.

(D.I. 17; D.I. 27) Defendants VIZIO and ASUS have joined Toshiba's motion to stay. (C.A. No.

12-214 D.I. 71; C.A. No. 12-210 D.I. 95) GPH does not oppose staying proceedings against

Toshiba and VIZIO with respect to both the '327 and '158 Patents. (D.I. 79 at 1 n.1) However,

GPH opposes staying proceedings against ASUS in CA. No. 12-210 with respect to the '158

Patent. (*See* C.A. No. 12-210 D.I. 102) For the reasons stated below, the Court will GRANT the

motions to stay.

1.      Toshiba and VIZIO seek a mandatory stay under 28 U.S.C. § 1659(a) with respect

to the '327 Patent.

2.      Toshiba, VIZIO, and ASUS seek a discretionary stay as to the '158 Patent across

C.A. Nos. 12-210, 12-213, and 12-214 ("the Associated Cases").

3.      Pursuant to 28 U.S.C. § 1659(a):

> In a civil action involving parties that are also parties to a
> proceeding before the United States International Trade
> Commission . . . at the request of a party to the civil action that is
> also a respondent in the proceeding before the Commission, the
> district court shall stay, until the determination of the Commission
> becomes final, proceedings in the civil action with respect to any
> claim that involves the same issues involved in the proceeding
> before the Commission, but only if such request is made within—
>
>> (1) 30 days after the party is named as a respondent
>> in the proceeding before the Commission, or
>>
>> (2) 30 days after the district court action is filed,
>> whichever is later.

4.      GPH is asserting the '327 Patent against Toshiba and VIZIO in both this Court

and the ITC. The products accused of infringing the '327 Patent in this case are also at issue in

the ITC Action. Toshiba and VIZIO moved for a stay of proceedings in this Court within thirty

2

days after they were named as respondents in the proceeding before the ITC. Because this action

and GPH's ITC investigation involve the same asserted '327 Patent and appear to involve the

same Toshiba and VIZIO products, a stay of this case and of C.A. No. 12-214-LPS is mandated

by § 1659(a).

5.    District courts have the discretionary power to stay litigation under their inherent

power to control their own dockets. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).

In determining whether to grant a discretionary stay, a court considers:

> (1) whether a stay would unduly prejudice or present a clear
> tactical disadvantage to the non-moving party; (2) whether a stay
> will simplify the issues in question and trial of the case; and
> (3) whether discovery is complete and whether a trial date has been
> set.

*Alloc, Inc. v. Unilin Decor N.V.*, 2003 WL 21640372, at *2 (D. Del. July 11, 2003) (internal

quotation marks omitted). "Courts have also referenced undue prejudice or hardship to the

movant as a factor to be considered in evaluating a request to stay litigation." *Mission Abstract

Data L.L.C. v. Beasley Broadcast Group, Inc.*, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011).

6.    A discretionary stay with respect to the '158 Patent in the Associated Cases will

not unduly prejudice GPH. As noted above, the '158 Patent is a continuation of the '327 Patent

and they share common inventors, specification, and prosecution history. Because of this

overlap, claim construction and invalidity issues with respect to one patent will necessarily

impact those same issues with respect to the other patent. Additionally, GPH agrees that its

"general theory of infringement regarding the '158 Patent is common to the district court

litigations and the ITC Action, and many [allegedly] infringing products share critical

components . . . ." (D.I. 79 at 5) Thus, much of the infringement analysis in the ITC Action will

3

overlap with the infringement analysis in the Associated Cases. By not having to litigate substantially similar matters in both the ITC and this Court, GPH will not have to engage in duplicative discovery and other pretrial matters. Moreover, GPH does not market products covered by the '158 Patent, so staying this litigation will not result in any competitive disadvantage to GPH. Thus, the first stay factor favors staying the Associated Cases.

7.      A stay will also simplify the issues and trial of this case. The Court will not have to engage in duplicative proceedings regarding the '158 Patent that could be held in conjunction with the '327 Patent. In *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, 2005 WL 1126750, at *4 (N.D. Ohio April 29, 2005), in similar circumstances, the Northern District of Ohio granted a mandatory stay for three patents at issue in ITC actions and granted a discretionary stay with respect to a fourth patent, finding that "a temporary stay will result in tremendous savings of judicial time and resources. Absent a stay, the Court will hold status conferences and hearings and address discovery disputes only to be faced with many of these same issues after the stay is lifted." *See also Zenith Elecs., LLC v. Sony Corp.*, 2011 WL 2982377, at *2 (N.D. Cal. July 16, 2011) (noting that "Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC"). Similarly, because the VIZIO and Toshiba actions are subject to a mandatory stay for the '327 Patent, staying the Associated Cases with respect to the '158 Patent is likely to substantially reduce the amount of duplicative time and effort the parties and the Court will have to put into these cases. Thus, the second stay factor favors staying the Associated Cases.

8.      No trial date has been set for this case and discovery is not yet complete in this

4

Associated Cases.  (D.I. 92)  Thus, the third stay factor also supports a stay of the Associated Cases.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Toshiba's Motion to Stay Pending Resolution of ITC Proceedings (D.I. 67) is GRANTED.

March 5, 2014

_____
UNITED STATES DISTRICT JUDGE